YOUNG
vs
MILLER.

---

CHANCERY.

Case 131.

September 23.

Case stated.

# Young *vs* Miller.

ERROR TO THE BOURBON CIRCUIT.

*Usury. Forbearance. Cash notes.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.—Judge Simpson did not sit in this case.

THIS bill was filed to recover usury alledged to have been paid by Young to Miller in various transactions. Neither of the parties appear to be entirely accurate in his statement of the facts. But as gathered from the pleadings and the testimony of the only witness who deposes, and who seems to have made the calculations at the request and in the presence of the parties, and has appended to his deposition the written statement and calculation by which they settled, the case is in substance as follows: In the year 1840, Young sold to Miller a tract of land, to be paid for in four instalments of nearly $2,400 each, falling due on the 1st day of March, in the year 1841, and in each of the three following years. Before the first instalment became due, Miller advanced some small sums to Young and also paid sundry debts against him, and acquired several notes or other demands upon him. Some time after the first instalment fell due, a settlement was had, in which Miller made a statement

of his advances as above, and interest at the rate of twelve per cent. per annum was calculated on the several sums from the time of the advance up to the maturity of the first instalment. The credits of Miller thus ascertained, extinguished the first instalment and left an excess of near $1,100, which being reduced by some small demands which Young held upon him, to about $850, interest at the rate of twelve per cent. per annum was calculated on this sum for one year, up to the maturity of the second instalment, and a large sum being added as the price of mules sold by Miller to Young, the credits of Miller, including the twelve per cent. exceeded and extinguished the second instalment, leaving a balance of nearly $400 in his favor; on which sum and also on $200 attached in Miller's hands by a creditor of Young, interest was calculated at the rate of twelve per cent. for one year, to the maturity of the third instalment, and the aggregate making $121 47, was deducted from the third instalment.

The allegation of Miller that his advances were made under an agreement with Young, that he should be allowed twelve per cent. per annum thereon in his land debt, is denied by Young, and there is no proof on the subject, except that interest at that rate was allowed in the settlement as above stated. No question therefore, arises as to the effect of such agreement. But the sole question is, whether as the demands held by Miller against Young, with the twelve per cent. interest thereon, were extinguished by credits upon Miller's debts to Young, in the manner above stated, the transaction is to be regarded as usurious.

It is contended that this is the mere anticipation of the payment of his own debt by Miller, and that as any other person might have bought his notes at a greater rate of discount than six per cent. per annum, so should he be allowed to buy them at a greater rate of discount, or to pay them at a greater rate of interest upon the sum paid. We are not prepared to say that a debtor may not purchase his own debt, or any part of it, or discharge it before it becomes due, at a greater rate of discount, or at a higher interest than six per cent., if the advance is in

A debtor may purchase debts due from his creditor to others at a greater discount than legal interest and demand a set-off to the full amount with legal interest.

Young
vs
Miller.

good faith made and accepted as a purchase or payment of his debt, and if the credit given to him was not a device to cover the usurious interest upon his advances, to be made before his debt should become due. Nor is there any doubt that the debtor, before his own debt becomes due, may purchase up the notes or debts of his creditor, at the same discount which would be allowed to any one else, and demand a set-off for the full amount of such debts, with legal interest, until his own debt should become due. But to say that he may charge more than legal interest upon the debts thus purchased against his creditor up to the maturity of his own debt, is giving him an advantage which is denied to the original holders and to any other purchaser of the same debt; and we see no good reason for this preference.

It is going far enough to say that the purchaser, on payment of a note by the debtor himself before it is due, at a discount greater than the rate of six per cent. for the time the note has to run, or for a sum on which a greater rate of interest is charged for the same time, as a means of ascertaining the extent of the purchase or of the payment, is not usurious. There being, however, neither a loan nor the forbearance of a debt, if the transaction is in good faith either a purchase or a payment, the prohibition of the usury laws does not directly apply. And such transactions have been sustained, unless they appear to have been resorted to for the purpose of evading those laws. But one who holds a note on another, whether as payee or assignee, or one who advances money to or for another, not operating at the time as the payment of a debt, becomes to that extent, the creditor of that other. From the time the purchased note becomes due, or from the time the advance is made, there is a debt which may be forborne. And if in a subsequent settlement, more than legal interest be charged and allowed from the maturity of the note, or the time of the advance up to the settlement, and the aggregate amount is then paid either in money or by the transfer of a note of like amount then due upon a stranger or upon the claimant himself, or by a credit of that amount as being then paid upon his note, or by surrendering his note of

—Creditor may pay off his own note before due, discounting more than legal interest, and it will not be usurious, unless done with a view and intent to evade the laws against usury.

—But if a purchaser of a note charge the payee after the note becomes due, a greater rate of interest than 6 per cent. and it be paid whether in money, his own notes, the note of a stranger of like am't. then due, the transaction is usurious, as exacting more than legal interest for forbearance.

the same amount then due, in either case the transaction is clearly usurious, as involving the exaction and payment of more than legal interest for the forbearance of the debt. Suppose then, the party upon whom the claim is made for payment of his debt over due, offers in discharge the note of a third person not due for six months, and the excessive interest upon his own debt being carried on to the maturity of this note, the aggregate of debt and interest thus ascertained, is discharged by a transfer of the note of precisely equal amount, is not the transaction, in intent and effect, and legal character, the same as if it had not in fact occurred until the end of six months? True, by the result of the transaction as above stated, the original debtor is discharged at once by the transfer of the note on another in payment, but before arriving at this result, and as a means of attaining it, and of ascertaining how much he is to pay, his debt is treated as subsisting up to the maturity of that which is offered in discharge, interest is charged for its forbearance up to that time, the creditor does not really receive payment nor realize the amount until that time, and the debtor parts only with the right to demand the amount from a third person at that time. There is then, as it seems to us, a substantial forbearance of the debt from the time it was due up to the maturity of the note received in discharge, and a charge of excessive interest for this forbearance for the whole time which makes the whole usurious. If legal interest only were charged upon the original debt up to the time of the transfer, it might perhaps be assumed that the charge of excessive interest afterwards up to the maturity of the debt offered in discharge was resorted to merely as a mode of ascertaining the discount to be made on that debt, or the extent of interest to be acquired in it. But the illegal intent of extorting usurious interest upon the original debt being manifested by the charge for past forbearance, and being carried out and effectuated by continuing the charge for the future, and the transaction being entire, there is no ground for discrimination in favor of one part of it, which might if it stood separately, be innocent, but the whole must be regarded as covered by one illegal design, and as

YOUNG
*vs*
MILLER.

being subject in every part to one condemnation. The usurious intent being clearly manifested, and certainly effected by the entire transaction, it would be inconsistent with the objects and policy of the laws against usury, to relieve from their denunciation one part of the arrangement, merely because if there had been no illegal intent, that part might not have been unlawful.

A creditor receiving his own note due in future, at discount of more than legal interest in payment of a debt then due from the payor, is usurious.

If the debtor instead of transferring in payment the note of a third person, transfer or credit the note of his creditor, due at a future time, the case seems to come clearly within the principles which have been stated, and is perhaps more clearly usurious, since in such an exchange of notes there should be no difference of their estimated value between the parties, except in reference to the time of payment, and the creditor receiving his own note, will certainly realize the excessive interest charged on the other. The case of excessive interest charged upon advances and paid by a transfer of the creditors own note, due in future, or by a credit on it, stands also on the same ground.

We are of opinion, therefore, upon the facts of this case, that the entire excess of interest charged by Miller and allowed or settled by crediting or extinguishing the several instalments of Miller's land debts or his other debts to Young as evidenced by the statement annexed to the deposition of the witness, Bryan, is to be regarded as usury paid, when said debts were respectively due, and that the complainant is entitled to a decree therefor, with interest from the commencement of this suit.

Wherefore, the decree dismissing the bill is reversed, and the cause is remanded for a decree as above indicated.

*G. Davis* for plaintiff; *Hawes* for defendant.