CASE 60—PETITION EQUITY—JAN. 13.

## McBrayer v. Dean, etc.

APPEAL FROM ANDERSON CIRCUIT COURT.

1. SET-OFF—RIGHT TO USE ASSIGNED JUDGMENT AS—CONDITIONAL ASSIGNMENT.—A judgment debtor who, subsequent to the rendition of the judgment against him, procures an assignment to himself of a judgment against his judgment creditor and acquires the legal title thereto, may, when the latter is insolvent, set off the assigned judgment against the other, although his liability to pay for the assigned judgment was dependent upon whether he could use it as a set-off.

PHIL. B. THOMPSON, SR., FOR APPELLANT.

1. It is immaterial for what purpose appellant acquired the Murphy judgment, or how it was assigned to him. In any event he had a prior and superior equity to that of Cohen and Dean, whether he paid any consideration for the assignment or not. (Graham v. Tilford, 1 Met., 112; Dorsey v. Reese, 14 B. M., 157; Otwell v. Cook, 9 B. M., 357.)

L. C. WILLIS FOR APPELLEE.

(No brief in the record.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

In June, 1890, Joe E. Cohen recovered judgment for $938.52 against John H. McBrayer, and in March, 1892, the latter brought this action to have various demands he then held set off against that judgment upon the ground of insolvency of the former who, with others, his creditors, were made defendants.

By the judgment in this action the one of 1890 was by credits allowed on account of payments made thereon and debts against Cohen subsequently acquired by McBrayer reduced to the sum of $711.12, which was applied according to priority first to a demand of appellee, W. R. Dean, and, next, to one of appellee, K. B. Cohen, administratrix of G. C. Cohen.

In his petition McBrayer set up and asked said judgment of 1890 be credited by the amount of a judgment for $315 and interest, which Murphy & Co. had recovered against Joe E. Cohen, and in December, 1890, sold and assigned to him (McBrayer). But precedence and priority of the claims of Dean and the administratrix of G. C. Cohen having been adjudged, there was nothing of the fund of $711.12 left to satisfy the judgment of Murphy & Co., hence this appeal by McBrayer.

Neither validity or subsistence of the judgment in favor of Murphy & Co. appear to have been controverted, but we suppose the lower court was of the opinion McBrayer had not acquired such interest as would entitle him to the benefit of it as a set-off.

The writing showing a transfer or attempted transfer and assignment of it is as follows:

"January 15, 1892.

"Whereas, I have this day sold unto John H. Mc-Brayer a judgment against Joe E. Cohen for $315, now I hereby agree to receive only one-half of the amount that said McBrayer may recover on the same and no more.          Signed: ED MURPHY,

"By ROARK."

Whether the true meaning of that instrument is that the payment by McBrayer of any part of the consideration for the assignment of the judgment is wholly dependent upon his recovery of the same is not entirely plain. But it was proved that McBrayer did in fact execute his unconditional promissory note to Murphy & Co. in consideration of the assignment, and such being the case we do not see anything to hinder him from pleading and relying upon it as off-set to the judgment of 1890. But however that may be he did unquestionably acquire legal title to the judgment of Murphy & Co., and, whether held by him in trust or his liability to pay therefor was dependent upon the amount of it he might succeed in setting off and having deducted from the judgment of 1890, he had the right, according to decisions of this court in such cases, to plead and rely on it as a set-off.

In the case of Dorsey v. Reese, 14 B. M., 157, it was distinctly held that a judgment debtor, being invested with title to a note executed by his judgment creditor to a third party, it was wholly immaterial whether it was assigned without any consideration or upon one

that was conditional, his right existed to make that use of it which the law authorizes owners to make of such demands as belong to them, including the right to set it off against a judgment that had even been assigned to another.

In Otwell v. Cook, 9 B. M., 357, it was held that a plaintiff, having acquired a note after defendant acquired the note offered as a set-off, can not resist the set-off on the ground that the latter note was assigned to the defendant for the benefit of a third person, especially when it appears that the beneficiary concurs in the set-off. And the same doctrine was held in Graham v. Tilford, &c., 1 Met., 112.

There is no evidence showing that McBrayer had, at the time the judgment of Murphy & Co. was assigned to him, notice of the assignment by Joe E. Cohen of the judgment of 1890 to either Dean or Geo. C. Cohen, and we see no reason why his demand should not, in application of the fund of $711.12, have precedence and priority of the demands of both.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.