## Becker v. Crabb's Trustee in Bankruptcy.

(Decided October 29, 1929.)

BENJ. F. GARDNER for appellant.

MARK BEAUCHAMP for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The facts of this case may be found in the opinion on a former appeal. Becker v. Crabb, 223 Ky. 549, 4 S. W. (2d) 370. On that appeal the previous judgment was reversed for a new trial. When the mandate was filed in the lower court, the trustee in bankruptcy of Edward L. Crabb filed a petition alleging that Crabb had been adjudicated a bankrupt in the United States District Court for the Western District of Kentucky, and that George A. Brent had been duly appointed and qualified as his trustee, and desired to be substituted as plaintiff in the action. Defendant later tendered an amended answer, counterclaim, and set-off, which the court refused to file, but which was made a part of the record. The case was again tried, resulting in a judgment for plaintiff in the sum of $2,350. Defendant has again appealed. The only question presented is the propriety of the rul-

ing of the court refusing permission to file the amended pleading.

Crabb was adjudicated a bankrupt on March 21, 1928. Subsequently, in June, 1928, Miss Becker purchased three claims against Crabb, and by the amended pleading sought to rely upon them as a counterclaim and set-off against the demand of the trustee in bankruptcy. One of the claims amounted to $329, and was for work done for Crabb in preparing for the auction sale of Miss Becker's land. The other two claims were for advertising the auction sales of the land. They aggregated $271.80, and were due the Louisville Times and the Courier-Journal. Each had been duly assigned, for a valuable consideration, to the defendant. It is well settled that a debtor may acquire claims against his creditor and use them against him as a set-off for the full amount of the debts so acquired, regardless of the amount of the consideration paid therefor. Brackett v. Boreing, 131 Ky. 751, 110 S. W. 276, 115 S. W. 766, 33 Ky. Law Rep. 292; Brown v. Lapp, 89 S. W. 304, 28 Ky. Law Rep. 410; McBrayer v. Dean, 100 Ky. 398, 38 S. W. 508, 18 Ky. Law Rep. 847; Otwell v. Cook, 9 B. Mon. 357; Young v. Miller, 7 B. Mon. 540; Overby v. Wells, 54 S. W. 955, 21 Ky. Law Rep. 1316.

But the debtor of a bankrupt may not, after the adjudication in bankruptcy, or, under certain conditions, within four months before the filing of a petition therefor, acquire such claims to offset a debt that may be due the bankrupt. It is forbidden by the Bankruptcy Act of 1898, sec. 68, which provides (U. S. Code Ann. Title 11, Bankruptcy, sec. 108):

> "Section 68. Set-offs and counterclaims—(allowed.) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.
>
> "Not allowed.) b. A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate; or (2) was purchased by or transferred to him after the filing of the petition, or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent, or had committed an act of bankruptcy."

356

It is the primary purpose of the Bankruptcy Act to secure equality among creditors, and to prevent preferences among them (Wilson v. Cooper, 215 Ky. 668, 287 S. W. 364) ; and the main object of section 68b of the act is to prevent debtors of the bankrupt from acquiring claims against him for use by way of set-off and reduction of their indebtedness to the bankrupt's estate. Loveland on Bankruptcy, pp, 653-666; 7 C. J. sec. 238, p. 143; Western Tie & Timber Co. v. Brown, 196 U. S. 502, 25 S. Ct. 339, 49 L. Ed. 571; Continental, etc., Bank v. Chicago Title Co., 229 U. S. 435, 33 S. Ct. 829, 57 L. Ed. 1268; National Bank of Newport v. Herkimer County Bank, 225 U. S. 178, 32 S. Ct. 633, 56 L. Ed. 1042, affirming Mason v. National Herkimer County Bank of Little Falls (C. C. A.) 172 F. 529.

The bankruptcy law (11 USCA) was enacted by the Congress pursuant to express authority conferred by the Constitution of the United States. Article 1, sec. 8. That Constitution, and the laws of the United States made in pursuance thereof, constitute the supreme law of the land, and the judges in every state are bound thereby. Constitution of the United States, Art. 6. The construction of the Constitution and of acts of Congress by the Supreme Court of the United States is equally authoritative and conclusive on all the state courts. Louisville & N. R. R. Co. v. Grant, 223 Ky. 39, 2 S. W. (2d) 1063; Chesapeake & O. R. R. Co.v.Craig, 229 Ky. 365, 17 S. W. 224.

It follows that the circuit court ruled rightly in refusing permission to file the amended pleading presented by the defendant in this case.

The judgment is affirmed.