CASE 69.—ACTION BY GEORGE KREUTZER AGAINST JESSE
WEIL FOR DAMAGES FOR PERSONAL INJURIES.
—Sept. 29, 1909.

# Weil v. Kreutzer

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Jury—Competency of Jury—Waiver of Objection.—Where, after the court, over defendant's objection, has selected a jury, partially composed of disinterested bystanders, another jury regularly drawn from the box became available for the trial, but defendant declined the court's offer to substitute it for the other jury, he can not, after an adverse verdict, object to the trial before the jury partially drawn from the bystanders.

2. Damages—Excessive Damages—Personal Injuries.—A verdict for $1,000 for personal injuries, which, though not entirely incapacitating plaintiff from labor, made him permanently a partial cripple, was not excessive.

3. Municipal Corporations—Use of Streets—Injury to Pedestrian—Automobile—Negligence.—Where a chauffeur saw that a pedestrian in the street was confused as to which way the automobile was going to turn after having been warned of its approach, and each turned several times in the same direction as the other turned to avoid the collision, the chauffeur had no right to continue zigzagging in the street, in view of the danger of collision, but should have stopped.

4. Municipal Corporations—Use of Streets—Care Required—Automobiles.—Possession of dangerous instrumentalities always requires the use of great care, and, since an automobile is almost as deadly as, and even more dangerous than, a street railroad car, greater care is imposed upon the driver in propelling it along the street.

5. Negligence—Care Required.—The degree of care required is in direct proportion to the degree of danger and of injury which would probably be caused by negligence.

6. Municipal Corporations—Use of Streets—Injury to Pedestrian —Negligence—Question for Jury.—In an action for injuries by being struck by defendant's automobile in the street, whether defendant was guilty of negligence in operating the machine held, under the evidence, for the jury.

7. Municipal Corporations—Use of Streets—Injury to Pedestrian —Contributory Negligence—Question for Jury.—In an action for injuries sustained by being struck by defendant's automobile in the street, whether plaintiff was guilty of contributory negligence at the time of the collision held for the jury.

J. D. MOCQUOT for appellant.

R. T. LIGHTFOOT for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellant, Jesse Weil, while propelling his automobile along Kentucky avenue, in the city of Paducah, collided with the appellee, George Kreutzer, who was walking across the street, inflicting upon his body severe injuries. To recover damages for the injuries so inflicted Kreutzer instituted this action, alleging in his petition that the collision and resulting injury were occasioned by the negligence of the appellant, Jesse Weil. To this action the defendant (appellant) filed an answer controverting the material allegations of the petition, and in the second paragraph pleading contributory negligence upon the part of the plaintiff.

The issues having been completed by reply, a trial was had, which resulted in a verdict in favor of the plaintiff (appellee) for $1,000. To reverse the judgment based upon this verdict this appeal is prosecuted.

It is insisted by the appellant that the judgment should be reversed because the court failed and re-

Weil v. Kreutzer.

fused to give him a jury properly drawn from the jury box, but, instead, impaneled a jury made up in part of bystanders. The bill of exception shows that the court had two juries impaneled; that at the time this case was called for trial one of them was out considering a case which had been submitted to it, and that it was necessary, or thought to be necessary, by the trial judge, to impanel a jury partially made up of bystanders, and this was done over the objection of the defendant. After the case had been stated, the jury which had theretofore been out came into court and reported a verdict in the case it was considering. Thereupon the trial judge offered to set aside the order impaneling the jury of bystanders and to give the defendant a jury drawn from the box in accordance with the provisions of the statute. This was declined by the defendant, who objected to the proposition of the court, and thereupon the case proceeded to judgment, with the jury partially made up of bystanders.

We think the offer of the court to recede from its erroneous position in regard to the jury was all the defendant had a right to demand under the circumstances; and, if he wanted a jury drawn from the box according to the letter of the statute, he should have accepted the court's offer to furnish him such a jury, although the case had proceeded somewhat before the improperly organized jury. The refusal of the defendant to accept the offer of the court for a properly constituted jury estops him from now complaining of the jury of bystanders. He can not legally trifle with the court by experimenting with the bystanders' jury, and, when unsuccessful, complain of an error which his own obstinacy prevented from being corrected.

The verdict of $1,000 was not excessive. The evidence shows that the plaintiff's injury will be permanent, and, while not altogether incapacitated from labor, he will never be entirely well or strong. In other words, he will always be partially a cripple.

There is no serious complaint of the instructions given by the court to the jury, and, indeed, these seem to be beyond successful criticism, assuming that the plaintiff had a case to go to the jury at all.

The real cause of appellant's complaint, however, is the failure of the court to peremptorily instruct the jury to find in his favor. The evidence shows without contradiction that the appellant was going along the street in his automobile; that he saw appellee crossing the street some 75 or 100 feet off; that he sounded his horn as a warning to the appellee; that thereupon the appellee undertook to go back across the street to the side from which he originally came, but in the meantime the appellant had changed his course, and this brought him again in the direction of the appellee; that the appellee, seeing this, again changed his course, but the appellant, in order to avoid running over the appellee, also changed the course of his automobile. What happened was a confusion of minds of the parties. Each was trying to avoid the other, but each was getting in the way of the other, and as a result the collision took place. The negligence of the defendant consisted in his failure to recognize the great danger that would accrue to the plaintiff from the collision. He had no right, it seems to us, after he saw the confusion of mind which was taking place between him and the plaintiff to continue zigzagging in the street at the imminent hazard of colliding with the pedestrian. Greater care was incumbent upon him by reason of

the deadliness of the machine he was propelling along the highway. The possession of the deadly and dangerous instruments always entails great care upon the possessor. One who walks along a crowded thoroughfare with a sharp scythe in his hand must use greater care in handling this instrument than would be required of him if he held an umbrella or small cane. The degree of care one must use always bears a direct ratio to the degree of injury which would probably be caused by negligence. When one comes through the highways of a city with a machine of such deadly force as an automobile, it is incumbent upon the driver to use great care that it be not driven against or over pedestrians. An automobile is nearly as deadly, as and much more dangerous than, a street car or even a railroad car. These are propelled along fixed rails, and all that the traveling public has to do to be safe is to keep off the tracks; but the automobile, with nearly as great weight and more rapidity, can be turned as easily as can an individual, and for this reason is far more dangerous to the traveling public than either the street car or the railway train. We do not feel at liberty under the evidence in the case to say that the defendant was free from negligence in failing to so check the speed of his machine as to give him sufficient control of it to avert the injury to appellee, or to stop it entirely if that was necessary; nor, on the other hand, can we say that the plaintiff was guilty of such contributory negligence as entitled the defendant to a peremptory instruction. Certainly it was a question for the jury to say, under all the circumstances, which of the parties was guilty of negligence. Therefore the trial court submitted

the case to the decision of a jury as to the disputed facts.

Judgment affirmed.