## WRIGHT v. YAZOO & M. V. R. CO.

(District Court, W. D. Tennessee, W. D. February 21, 1912.)

1. MASTER AND SERVANT (§ 113*)—RAILROADS—NEGLIGENCE—CARS NOT IN "CLEAR."

A railroad company is negligent toward a locomotive engineer in leaving cars on a siding within striking distance of his train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 224–227; Dec. Dig. § 113.*]

2. MASTER AND SERVANT (§§ 206, 217, 227*)—"ASSUMPTION OF RISK" AND "CONTRIBUTORY NEGLIGENCE" DISTINGUISHED.

While the doctrine of assumption of risk sometimes shades into that of contributory negligence, there is a clear distinction between the doctrines, an employé being held to assume the risk of ordinary dangers of his occupation, and also those risks which are known to him or are so clearly observable that he may be presumed to know of them, while

contributory negligence constitutes omission of an employé to use those precautions for his own safety which ordinary prudence requires.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 550, 574–600, 668, 669, 672; Dec. Dig. §§ 206, 217, 227.*

For other definitions, see Words and Phrases, vol. 1, pp. 589, 591; vol. 8, pp. 7584, 7585; vol. 2, pp. 1540–1547; vol. 8, p. 7617.]

**3. MASTER AND SERVANT (§ 204*)—RAILROADS—ASSUMPTION OF RISK.**

Under federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), which makes interstate common carriers liable for negligent injury to employés, and which provides that an employé shall not be held to have assumed the risk of his employment where the employer has violated any statute enacted for the safety of employés, if the violation contributed to the injury, an employé assumes the risks of ordinary dangers incident to his employment, not including negligent acts of the carrier's officers, agents, or employés or any defect or insufficiency, due to its negligence, in its cars, engines, appliances, tracks, roadbed, boats, wharves, etc., and a locomotive engineer does not assume the risk of being injured by his employer's negligence in leaving cars on a siding within striking distance of the engineer's train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

At Law. Action by Mrs. Ada R. Wright against the Yazoo & Mississippi Valley Railroad Company. Verdict for plaintiff, and defendant moves for a new trial. Motion overruled.

Barton & Barton, of Memphis, Tenn., for plaintiff.
Fitzhugh & Biggs, of Memphis, Tenn., for defendant.

McCALL, District Judge. This case is before me upon a motion for a new trial. Twenty-four grounds are assigned as a basis for the motion. All of them may be overruled without comment, except the eighth, which was the court's refusal to submit to the jury the question of the assumption of risk.

The case was heard and submitted to the jury under the federal Employers' Liability Act. As far as need be quoted here, that act provides:

"That every common carrier by railroad while engaging in commerce between any of the several states and territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. * * * That * * * the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé: Provided, that no such employé * * * shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé. That * * * such employé shall not be held to have as-

sumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé." Chapter 149, 35 U. S. Statutes at Large, pt. 1.

The facts are that the defendant left a cut of cars standing on a side track at Gwyn, Miss., not "in the clear" of a lead track. The deceased engineer was proceeding along the lead track with his engine and train, and had approached so close to the cut of cars before he attempted to stop his train that, when he discovered that he could not clear it, he was then unable to stop his engine, and it collided with the cut of cars, resulting in his death.

The specific question raised by the assignment is whether or not the deceased engineer, while running his engine into the yards of the defendant at Gwyn, Miss., assumed, by his contract of employment, the risk and danger incident to the negligently leaving by the defendant of a cut of cars not "in the clear" of the track on which the deceased's engine was moving.

[1] It requires no argument to convince me that the defendant was guilty of negligence in leaving a cut of cars on a siding within striking distance of an engine moving on the track on which the deceased's engine was proceeding, and for two reasons: First. The rules of the defendant company require of its servants that they shall place cars on the sidings in the clear. This rule is a safe and reasonable one, and it was negligence to violate it. Second. In the absence of such rule, it would be negligence in the company to place and leave a cut of cars so that it would be within striking distance of an engine moving over an adjacent track in the manner the evidence shows was done in this case.

Nor is there room for doubt that the negligently placing and leaving of this cut of cars at the point where the evidence shows it was left caused or proximately contributed to the death of the deceased, hence the defendant, being engaged in interstate commerce, is liable under the Employers' Liability Act, unless it may escape liability under the doctrine of assumption of risk. Before the passage of the act above quoted, one of the defenses in cases of this character was contributory negligence. The act of Congress abolished that defense as a bar to the right of recovery, and provides that the negligence of the servant shall go in reduction of damages. If the contention that the doctrine of assumed risk is available as a defense in this case, as is so ably insisted, then it would seem that the purpose of the act would be defeated.

[2] While it is not always easy to discern between assumption of risk and contributory negligence, yet there is a clear distinction. Mr. Justice Holmes, speaking for the court in Schlemmer v. Railway Co., 220 U. S. 595, 31 Sup. Ct. 563, 55 L. Ed. 596, defines each of these doctrines as follows:

"While * * * assumption of risk sometimes shades into negligence as commonly understood, there is, nevertheless, a practical and clear distinction between the two. In the absence of statute taking away the defense, or such obvious dangers that no ordinarily prudent person would incur them, an employé is held to assume the risk of the ordinary dangers of the

occupation into which he is about to enter, and also those risks and dangers which are known, or are so plainly observable that the employé may be presumed to know of them, and, if he continues in the master's employ without objection, he takes upon himself the risk of injury from such defects. * * * Contributory negligence, on the other hand, is the omission of the employé to use those precautions for his own safety which ordinary prudence requires."

[3] Taking this announcement of the two doctrines to be correct, as we must, which one, if either, applies as a bar in this case? Certainly it cannot be that of contributory negligence. The act of Congress forbids that. Is it the assumption of risk? Should it be said that one of the ordinary dangers of deceased's employment was that the carrier violated its own rule, requiring that cars left on sidings be placed in the clear so habitually that the servant knew or should have known of it, and by remaining in the service of the company assumed the risk incident thereto? What was the purpose of Congress in passing the Employers' Liability Act? If plain words are to be taken in their ordinary meaning, it was to make common carriers by railroad, while engaged in interstate commerce, liable in damages to any of its employés for injury or death suffered while he is employed by such carrier in such commerce, resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, etc., and to provide that, although the employé may have been guilty of contributory negligence, that shall not bar a recovery, but shall go in reduction of damages, except that no employé shall be held to have been guilty of contributory negligence, or to have assumed the risk of his employment in any case where the violation by the common carrier of any statute enacted for the safety of employés contributed to the injury of such employé.

It is conceded that the common-law rule that contributory negligence barred the right of recovery has been abolished by the act. Shall the courts destroy the effect of the act in this particular by holding that common carriers are not liable to their servants for injury or death inflicted as a result of the negligence of their officers, agents, or employés, upon the ground that the servant assumes the risk incident to the negligence of the officers, agents, or employés of the carrier? In view of the first section of the act, which provides that such common carrier shall be liable in damages to its employé, resulting in whole or in part from the negligence of any of its officers, agents, or employés, it is not permissible, in my judgment, to hold that the employé assumes the risk of his employment which arises from the negligence of the officers, agents, or employés of the carrier. It is insisted that since the act provides that he shall not be held to have assumed such risk in cases only where the violation by the common carrier of any statute enacted for the safety of employés contributed to the injury, the maxim, "Expressio unius est exclusio alterius," applies. I do not think this insistence is sound, or that it should be sustained.

As I construe the act, the risk that the employé now assumes is the ordinary dangers incident to his employment, which does not in-

clude, since the passage of this act, the assumption of the risk incident to the negligence of the carrier's officers, agents, or employés, or any defect or insufficiency due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

The court therefore declined to instruct the jury on the law of the assumption of risk.

Motion for new trial denied.