## Louisville & Nashville Railroad Company v. King.

(Decided December 1, 1914.)

### Appeal from Whitley Circuit Court.

1. **Assault and Battery—Action for Damages for—Instructions.—In** an action for damages for assault, the instructions should qualify the right of recovery upon the condition that the party making the assault was not acting in his necessary, or apparently necessary, self defense.

2. **New Trial—When Selection of Jury Ground for.—The** selection of a jury in contravention of Section 2247, Kentucky Statutes, will be ground for a new trial if proper exceptions are saved.

3. **Trial—Jury—Bystanders.—The** court may select bystanders to fill vacancies in the regular panel of a petit jury, provided he does not fill more than three such vacancies at one time.

4. Trial—Jury—Bystanders.—If in a panel of 18 jurors tendered the parties for challenge, the court has called for the trial list more than three bystanders, it is not a valid jury, although in the twelve selected to try the case there are not more than three bystanders.

5. Verdict—What Not Cause for Setting Aside.—Under Section 2253, Kentucky Statutes, the fact that a person not competent serves on a jury is not cause for setting the verdict aside.

6. Trial—Jury Not Properly Impaneled.—It was error to compel appellant to try with a jury not properly impaneled, and the fact that a properly selected jury might have returned a verdict for as much will not sustain the contention that it was not prejudicial.

BENJAMIN D. WARFIELD and H. H. TYE for appellant.

HENRY C. GILLIS, J. B. SNYDER and B. B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This appeal is from a judgment on a verdict awarding appellee $500 damages which he sustained from having been shot and wounded while a passenger by one of appellant's train employes. Since the case must be reversed on a question of impaneling the jury, and a new trial had, a discussion of the evidence will be out of place. But in that connection it may be said that the facts proven made out a case for the jury, and the instructions, except No. 3, fairly submit the questions. Instruction No. 3, in referring to the assault made upon appellee by the employe, Jesse Earles, should qualify the right of recovery upon condition that Jesse Earles, when he assaulted or attempted to strike the appellee, was not at the time acting in his necessary, or to him apparently necessary, self-defense.

It appears from the court orders and bill of exceptions that in the panel of 18 jurors who had qualified for service in this trial, only eight were members of the panel whose names had originally been drawn from the drum or wheel-case. At times during the term, and prior to the calling of this case, five jurymen had been excused and others selected from the bystanders to take their place on the regular panel. When the case was called, five more were selected from the bystanders and qualified. In this way 10 men, whose names had never been drawn from the drum or wheel, were placed on the lists tendered to the parties for peremptory challenge. Of the five bystanders selected to take places on the reg-

ular panel, prior to the calling of this case, it does not appear that more than three were called at any one time. After each party had peremptorily challenged three jurors from the panel of 18 so qualified, there were left on the jury, for trial of the case, three of the bystanders summoned by the sheriff in selecting this trial jury, and two of the bystanders theretofore summoned during the trial term.

Section 2247 of the Kentucky Statutes regulates the selection of petit jurors as follows:

"At the time of selecting the petit jurors from the list of names drawn from the drum or wheel-case for that purpose, if there shall fail to attend, or there shall be excused by the court, for good cause, such a number as will not leave the number of jurors required, the judge shall draw from the drum or wheel-case double the number of names to supply the places of such as are excused or fail to attend, and the jurors so drawn shall be summoned by the sheriff, and, if any of those so drawn and summoned be likewise excused or fail to attend, the judge shall again draw from the drum or wheel-case double the number of names to supply their places, and so on until the requisite number is obtained; and if, at any time during the term, it becomes necessary to supply one or more jurors, double the number of names necessary for supplying their places shall be drawn from the drum or wheel-case and summoned by the sheriff: Provided, That when the number of vacancies does not exceed three, the judge may direct the sheriff to summon bystanders to supply the vacancies.

"If, in any civil cause or proceeding called for trial the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel-case, or may direct the sheriff to summon, for the trial of that cause, not exceeding three bystanders to fill such vacancies.    *    *    *"

Appellant says that the obvious meaning of this provision is that there shall never be on any statutory panel of 18 more than three bystanders, whether summoned for that case or prior thereto. Appellee insists that if, after peremptory challenge has been made, no more than three bystanders selected for that trial remain on the jury, it is, in all respects, a valid trial jury.

A jury selected in contravention of the statutory provision quoted is certainly a ground for new trial, if

proper objection be saved, or unless the irregularity is waived. Weil v. Krentzer, 134 Ky., 563.

During the progress of a term of court vacancies in the regular panel of necessity occur, and to fill such vacancies the court may, in its discretion, either draw their names from the wheel-case, or direction may be given the sheriff to summon bystanders to the number of three. Jurors thus selected, that is, either from the wheel or as bystanders, may, by order of court, become members of the regular panel. We do not think it would be a fair interpretation of the law to say that after as many as three vacancies have been filled, the court must supply all others from the wheel. It is a valid exercise of discretion for the court to select from the bystanders as often as may be necessary to fill vacancies in the regular panel, and his power so to do does not cease when three vacancies have been filled. But when it is necessary to summon more than three to fill the vacancies on the regular panel, or to try a civil action, such vacancies must be filled by drawing from the wheel. A petit jury drawn from the wheel, as required by law, with vacancies filled from time to time, as above indicated, will constitute the regular panel, and be competent for jury service in all cases coming on for trial, although it may contain more than three names not drawn from the wheel.

But it appears that when this case was called, five of the panel, so constituted, were disqualified, and it became necessary to select five other jurymen. The appellant challenged each of the five then called from the bystanders, as well as the five on the regular panel theretofore called. Appellant took timely steps to raise the question and saved the point by excepting to the decision of the court overruling its objection.

"It is the policy of the law, under our present system, to submit to the parties a list of eighteen jurors, from which each has a right to strike three, and it is the duty of the court, as far as possible, to see that, when the list is submitted, none but qualified jurors are on it." Shellman v. Louisville Railway Co., 147 Ky., 526.

If there are not as many as 18 qualified jurors on the regular panel, the statute gives the court power to call three from the bystanders. If it be necessary to call more than three, then resort must be had to the wheel. A list containing the names of more than three called from the bystanders to try a case is not a list of quali-

fied jurors. Each party is entitled to have such a list
before being compelled to exercise the right of chal-
lenge.

Section 2267, Kentucky Statutes, provides:

"But, before either party shall be *required* to strike,
those on the list may be challenged for cause, and others
drawn and placed on the list in the place of as many as
may be set aside for cause."

The fact that after peremptory challenge only three
of those so called from the bystanders remain on the
jury of twelve, will not save the case nor qualify the
jury to try it. In other words, under the statute, every
litigant has a right to have 18 qualified jurymen from
whom to select the twelve who are to try his case. If
in the list of eighteen tendered him, more than three
have been called from the bystanders to constitute that
trial list, then his rights have been violated, and, if the
trial proceed over his objection, the error is such as to
warrant reversal. This objection relates to the jury as
a whole, and not so much to the competency of the indi-
vidual juryman. It goes to the root of the jury system
prescribed by statute, and amounts to more than the or-
dinary jury challenge. Of course, it is true, and the
statute provides (Section 2253), that the fact that a
person not competent serves on a jury shall not be cause
for setting the verdict aside, and, after the jury has
been sworn, exceptions shall not be taken to any juror
for such causes as are enumerated in that section of the
statute. Those causes relate to eligibility for service;
for instance, he must be a citizen, at least 21 years of
age, a housekeeper, etc. Others, who pursue certain
named avocations, such as druggists and physicians,
shall not be compelled to serve on the jury.

Under a further clause of Section 2247 it is pro-
vided that any juror called as a bystander, or drawn
from the wheel, whose name does not appear on the
assessor's book for the county, shall be subject to chal-
lenge for cause. But none of these are the grounds of
objection in this case, and the personal fitness of the ju-
rors is not involved. The question here is not compe-
tency or personal fitness, but of the power of the court
to impanel.

In the case of Netter's Admr. v. Louisville Ry. Co.,
134 Ky., 688, which involved a challenge to a juror who
had served on another regular panel in the same court
within a year, it was said that if the ground of objec-

tion had been made known to the judge, he would have promptly sustained the challenge.

"But, if the trial judge refuses to sustain a challenge upon the ground that a person challenged does not possess the statutory qualifications of a juror, that ends the matter, and his erroneous ruling will not be a ground for setting aside the verdict."

In the case at bar, the reason for challenge of the panel was plainly given, and, as above stated, the objection did not go to their statutory qualifications, but to the right of the court to select them in the manner named, and the deprivation of the right of trial by a jury selected in the manner required by statute.

Challenges for cause to the individual juryman are questions of fact, such as whether he is 21, or is a housekeeper, or has served as a juryman within the last 12 months. The decision of the trial court on such facts is conclusive. That is, an erroneous decision will not be ground for setting aside the verdict. But the question here is one of law—the facts are admitted. They affect the panel—not the jurors. Although a properly selected jury might have returned a verdict for as much or more than this, it does not follow that the error was not prejudicial. We are unwilling to say that a party has not been prejudiced when a jury, selected in violation of law, has returned a substantial verdict against him.

For the reasons stated, the judgment is reversed, with directions for a new trial in accordance with this opinion.