## Louisville & Nashville Railroad Company v. Patrick, By et al.

(Decided November 30, 1915.)

### Appeal from Whitley Circuit Court.

1. Master and Servant—Assumption of Risk.—In an action to recover for injury received while working as a section hand by slivers or sprawls flying from a spike maul or sledge hammer used by another section hand and furnished by the company, if the plaintiff knew of the defective condition of the spike maul and the danger of slivers or sprawls flying therefrom, and, with this knowledge, continued to work in close proximity to the defective spike maul without obtaining from the defendant or its foreman

an assurance that the defect would be remedied or the danger removed, then he did so at his own risk, and the court erred in overruling demurrer to the amended answer of defendant setting up such plea of assumed risk.

2. Trial—Jury, Bystanders.—For the trial of a case in the circuit court it is improper to summon more than three bystanders to fill vacancies on the regular panel. If more are needed for the trial of that case their names shall be drawn from the drum or wheel case.

3. Damages—Impairment of Power to Earn Money.—Where the petition alleges loss of time and permanent impairment of plain-tiff's power to earn money the court should instruct the jury that the allowance, if any, for the permanent impairment of power to earn money should begin when the allowance, if any, for time lost ended.

4. Master and Servant—Appliances.—The court by its instructions imposed upon defendant the absolute duty to furnish the section men tools, etc., which were reasonably free from defects. It should only have required defendant to exercise ordinary care in this regard.

BENJAMIN D. WARFIELD and HIRAM H. TYE for appellant.

HENRY C. GILLIS, B. B. SNYDER and J. B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE NUNN.—Reversing.

Appellee, Patrick, and Marion Siler were section hands. Siler, while standing about 30 feet from Patrick, was driving a spike with a sledge hammer or spike maul. Patrick was injured by a sliver or sprawl flying from this maul or hammer, striking and penetrating his thigh. Patrick recovered judgment for $500, and the railroad appeals.

He alleges that:

"Said hammer or spike maul belonged to the defendant company, and was furnished or supplied by the company to the man then using it, and he was required by said defendant to use it in said work, and the same was defective, insufficient and unsafe; that said injury resulted to plaintiff wholly from the negligence of the officers, agents and employees of the defendant, and by reason of defects and insufficiencies due to its negligence, in its appliances, tools, etc."

It is further alleged that the defects were known to the defendant:

"Or by the exercise of ordinary care could and should have been known to it in time to have prevented said accident and injury, but that same were wholly unknown

to the plaintiff and could not have been known to him by the exercise of ordinary care on his part in time to have avoided or prevented said accident or injury.''

The defendant answered with a traverse. By an amended answer it set up the plea of assumed risk. To this amendment the court sustained a demurrer. We think the court erred in this ruling. If, in fact, Patrick did know of the defective condition of the spike mauls which he and his co-employees used in driving spikes, and the danger of sprawls or slivers of steel flying therefrom, and, with this knowledge, he continued to work with or in dangerous proximity to the defective spike maul without obtaining from the defendant or its foreman an assurance that the defect would be remedied or the danger removed, then he did so at his own risk.

This suit was brought and practiced under the Federal Employers' Liability Act, but the negligence alleged did not amount to a violation by the carrier of a statute enacted for the safety of employees. The common law defense of assumed risk is eliminated in cases coming under the federal law, where the proximate cause of the injury is the carrier's failure to comply with federal statutes enacted for the safety of employees. But in all other actions brought under the federal law the common law doctrine of assumed risk applies. Seaboard Air Line v. Horton, 233 U. S., 492.

On another trial the court will overrule the demurrer to the amended answer and give the defendant the benefit of its plea of assumed risk. Since there was much evidence in support of the plea, the court will likewise give to the jury instruction ''E,'' which was offered by appellant on that theory.

The jury list tendered to the parties from which to select 12 jurors to try the case consisted of three of the regular panel and 15 bystanders, then and there summoned by the sheriff on motion of the court. The bill of exceptions shows that appellant made timely objections and exceptions to this method of making up the jury. The court's action in this regard was reversible error. For the trial of a case in the circuit court it is improper to summons more than three bystanders to fill vacancies on the regular panel. If more are needed for the trial of that case, their names shall be drawn from the drum or wheel case and summoned by the sheriff.

L. & N. v. King, 161 Ky., 324; L. & N. v. Owens, 164 Ky., 557.

The petition alleged loss of time as a result of the injury, as well as permanent impairment of his power to earn money. On another trial the court, in instructing the jury as to the measure of damages, should explain that an allowance, if any, for permanent impairment of power to earn money should begin when the allowance, if any, for time lost ended. I. C. R. R. Co. v. Williams, 163 Ky., 831; Bluegrass Traction Co. v. Ingles, 140 Ky., 488; Main Jellico Mountain Coal Co. v. Young, 160 Ky., 397.

Instruction No. 1, given by the court imposed upon appellant the absolute duty of furnishing the section men tools, etc., which were reasonably free from defects. On the next trial the court will instruct the jury that it is the duty of defendant to exercise ordinary care in that regard.

We do not believe the "simple" tool doctrine is applicable to this case. As said in the recent case of C. N. O. & T. P. Ry. v. Quinn, 163 Ky., 157:

"This rule has been confined by this court to cases in which the injured employee was himself actually using the tool that caused the injury complained of."

For the reasons indicated the judgment is reversed for proceedings in conformity hereto.