## Lewis v. Chesapeake & Ohio Railway Company.

(Decided February 29, 1924.)

### Appeal from Boyd Circuit Court.

Master and Servant—Negligence in Cutting Rail Held for Jury.— In an action under the federal Employers' Liability Act (U. S. Comp. St. sections 8657, 8665), by a section hand, for injuries caused by a piece of steel striking him in the eye while holding a rail, whether defendant's foreman placed a steel chisel which an-

other was striking outside of the groove already cut, and whether he was guilty of negligence, held for the jury.

S. S. WILLIS and B. S. WILSON for appellant.

WORTHINGTON, BROWNING & REED and PRICHARD & MALIN for appellee.

Opinion of the Court by Judge Clarke—Reversing.

On February 7, 1921, while appellant was assisting other members of his section crew in cutting a rail in two, a piece of steel struck him in the eye and destroyed it. To recover damages therefor he instituted this action under the Federal Employers' Liability Act, and the single question presented by this appeal is whether the court erred in directing a verdict for the defendant.

In cutting the rail appellant was holding one end of it and his brother, Joe Lewis, the other. The foreman of the crew, A. J. Webb, was placing a steel chisel which another was striking with a 12 or 15 pound hammer. Appellant's theory is that the accident resulted from Webb's negligence in placing the chisel outside of the groove already cut, thereby chipping out a piece of the steel rail and causing it to strike him in the eye. To sustain this theory he introduced himself and his brother and the piece of steel that penetrated his eye.

The evidence conclusively shows that the piece of steel was from the rail and not from the hammer or chisel. Neither the appellant nor his brother stated that he saw the foreman set the chisel outside of the groove already cut in the rail, but both testified that in their judgment the exhibited piece of steel could not otherwise have been cut or jerked out of the rail, and we are convinced from an examination of it that the piece of steel itself furnishes some, if not convincing, evidence that this is true. It is nearly an inch in length, about three-eighths of an inch in width, and possibly one-eighth of an inch in thickness on one side and almost as thin as a razor blade on the other. The two sides are smooth, apparently cut so, and as could have been done only by the chisel being set and struck in different places side by side on the rail.

This mute evidence that the piece of steel which came from the rail and struck appellant in the eye was not an ordinary sliver but a chip cut out of the rail by the foreman's negligence in placing the chisel outside the

groove already cut, renders it impossible that the result-
ant injury to appellant can be as reasonably attributed to
non-negligence as negligence, or that it resulted from an
ordinary hazard of the employment.

As a consequence, the many cases applying one or
the other of these well-known doctrines and relied upon
by appellee to sustain the court's action in directing the
verdict, are not applicable here. The court did not sus-
tain the motion for a peremptory until after Webb had
testified for defendant that he did not set the chisel out-
side the groove already cut in the rail, but his evidence
simply contradicted the inference of negligence reason-
ably deducible from appellant's evidence, and cannot of
course justify the court's action in directing a verdict for
the defendant.

Wherefore the judgment is reversed, and the cause
remanded for another trial consistent herewith.