## Davis, Agent, etc. v. Walls.

(Decided April 25, 1924.)

## Appeal from Lincoln Circuit Court.

1. Negligence—Duty is Element of Liability.—To charge one with negligence is to say either he has done something which under the circumstances it was his duty not to do, or that he has failed to do something which under the circumstances it was his duty to do.
2. Master and Servant—Evidence of Negligence of Fellow Employe Falling from Hand-car and Derailing it Held Insufficient for Jury.— In an action under the Federal Employers' Liability Act (U. S. Comp. Stat., sections 8657-8665) for injuries received when fellow servant on handcar fell or jumped upon track and derailed the car, held, that there was nothing to sustain a finding of negligence, and court erred in submitting the case to the jury, though there was evidence that fellow servant while operating front handles turned around so that he could not hold onto the handles and stamped his feet, and, becoming overbalanced, jumped.

K. S. ALCORN, M. L. GALVIN and EDW. COLSTON for appellant.

GEORGE D. FLORENCE, JOHN D. CARROLL and LEWIS L. WALKER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

This is the second appeal in this case, Hines v. Walls, 194 Ky. 379. On that appeal the judgment was reversed because of the court's opinion there should have been a directed verdict for defendant. The evidence on the first trial showed the plaintiff's injury had resulted from the derailment of a hand-car because his fellow servant, Bell, who was also on the hand-car, either fell or jumped off in front of it, causing the derailment, and the court said that if Bell voluntarily jumped off of the car there was no liability upon the employer in as much as such act on his part was outside the scope of his employment; and applied the rule that when an accident resulting in injury is shown to have happened because of one of two things, for only one of which the defendant is liable, and the jury must speculate or surmise as to the cause producing the accident, there is a failure of proof and there should be a directed verdict for defendant.

In the opinion, however, the court expressed serious doubt, but did not decide, whether the conduct of Bell, even if he had fallen off or involuntarily jumped from the car, showed negligence upon his part, and expressly left that question open.

On the first trial the plaintiff himself was his only witness as to what occurred at the time of the injury, and the reversal was based wholly upon his statement that Bell had either fallen from or jumped from the car. On the last trial, however, the plaintiff and his witness, Boggs, each stated in substance that as Bell turned around while the car was going down grade, he appeared to lose his balance for some reason, and in that situation jumped from the car in order to save him from falling off, thereby in effect stating that the jumping was involuntary upon his part, and done solely for the purpose of preventing his falling off.

Assuming then that Bell either fell from the car or involuntarily jumped in order to prevent a fall, there yet remains the question whether any such negligence is shown upon his part as brought about the fall or the involuntary jumping which caused the derailment of the car and the resultant injury of the plaintiff.

The plaintiff in his own evidence says that Bell was on the front of the car and was working one of the levers which propelled it, until they started down grade; that Bell's back was in the direction the car was going, and when they started down the grade he turned to the left and was tramping his feet around, and looking out at the knobs to the east; that he then turned on further around to the left until he was facing the way the car was going, and about that time seemed to be in the act of falling, or to have lost his balance, and in order to keep from falling he jumped off in front of the car and his body fell across one of the rails, the car run over him and was derailed, whereby the plaintiff was thrown from the car and injured. The car was running smoothly at the rate of ten or fifteen miles an hour, there was no jar, and it is shown there was plenty of room on the hand-car for him to turn around, or to shuffle his feet. There was no occasion for him to retain his hold on the lever in order to steady himself, for the car was running smoothly down grade, and at a reasonable rate; there is no apparent reason why he should have turned to the right instead of to the left as is complained of, nor is there any reason why he

should not have stamped his feet as there was plenty of room for that purpose, there being no situation which demanded he should remain perfectly still.

The plaintiff undertakes to say on the last trial that the handle bar of the lever, which was moving up and down as the car coasted down grade, struck Bell in the back as he turned around to the left, and undertakes to show that if he had turned to the right this could not have happened, and that is relied upon as negligence. His witness, Boggs, however, while stating that Bell jumped from the car in order to prevent his falling off, says he does not know what caused him to lose his balance, or be in the act of falling. The plaintiff, however, on cross-examination admits in effect that he did not see the handle bar strike Bell in the back, and says "it must have hit him," and "there was not anything else to strike him," and there "must have been something to strike him to make him fall off," and finally says, "I wouldn't swear it for certain that I seen it strike him."

So that giving full effect to the evidence of each of these witnesses we find that Bell in turning around to the left while the hand-car was in motion lost his balance from some unknown cause, and while in the act of falling jumped out in front of the car to keep from falling. In others words, there is nothing definite to show why or how he lost his balance in the first place, unless it be from the mere act of turning around while the hand-car was in motion, the evidence showing there was ample room for that purpose.

What constitutes negligence has been in the multitudinous transactions of life a fruitful source of inquiry and investigation by courts and law writers. There have been many definitions given and applied under various circumstances and conditions.

Mr. Cooley in his work on Torts defines negligence as:

"The failure to observe, for the protection of the interest of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury."

This court in the case of Passamaneck's Admr. v. Louisville R. R. Co., 98 Ky. 195, says:

"Negligence is a want of that reasonable care which would be exercised by a person of ordinary prudence, under all the circumstances, in view of the probable danger of injury."

To charge one with negligence is therefore to say either he has done something which under the circumstances it was his duty not to do, or that he has failed to do something which under the circumstances it was his duty to do.

Keeping in mind these things, therefore, what may it be said that Bell did which amounted to negligence? The car was running smoothly, and plainly he was not negligent in letting go of the handle bar for there was no necessity to steady himself by anything. He had plenty of room to turn around, and manifestly the mere act of turning when he did not interfere with any other occupant of the car, cannot be negligence. Nor was the mere stamping of his feet on the platform of the car when there was room for that purpose, a breach of any duty he owed to anybody.

Nor is the fact that he turned his body to the left, in his desire to face the way the car was running rather than to the right, to be deemed negligence. The whole argument that it was negligence for him to turn to the left instead of to the right is based upon the theory that by turning to the right he would always have been within reach of the handle bar, by which he might have steadied himself, while by turning to the left he placed himself where he could not reach the handle bar in order to do so. But why should he when the car was running smoothly, and at a reasonable rate of speed, have considered the importance of keeping himself in such position as to steady himself by the handle bar? Men in doing the trivial things of life, when there is no apparent necessity for reasoning out which may be the better or safer way, are not to be held responsible for such involuntary acts, always thoughtlessly done in the ordinary course of events.

It is not every accident that is the result of a negligent act. Many serious accidents happen for which no negligent cause can be assigned, and for which no one may be held responsible. In this case, for some reason,

Bell in exercising his right to turn around on the hand-car lost his balance; why he lost it, or that he had been guilty of any negligent act which caused him to lose it, is not shown. And yet the losing of his balance caused him, while in the act of falling off the moving hand-car to jump in the hope of saving himself, whereby the car was caused to be derailed, and the plaintiff's injury brought about.

This is an action under the employers' liability act, and we are constrained to hold there was no evidence of such negligence by appellee's fellow servant as authorized the submission of this case to the jury.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.