## Louisville & Nashville Railroad Company v. Gayle.

(Decided July 1, 1924.)

## Appeal from Henry Circuit Court.

1. Master and Servant—Risk Assumed Under Federal Act.—Federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665) places a coemployee's negligence, when it is ground of action, in same relation as that of employer in matter of assumption of risk.

2. Master and Servant—Whether Section Hand Assumed Risk of Negligence of Coemployee Held for Jury.—Whether section hand, injured by his pick struck negligently by pick of another section hand, assumed risk held for jury under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665).

3. Damages—Jury Not Required to Reduce to Present Worth Amount Allowed for Mental and Physical Suffering.—Jury is not required to reduce to its present worth amount allowed for mental and physical suffering.

4. Damages—$4,000.00 Held Not Excessive for Fractured Skull.—A verdict for $4,000.00 for permanent impairment of earning power due to a fractured skull, which affected ability to work because of dizziness when stooping over, held not excessive.

5. Damages—$2,000.00 for Mental and Physical Suffering Held Not Excessive.—Verdict for $2,000.00 for mental and physical suffering due to fractured skull held not excessive.

WOODWARD & WARFIELD and W. B. MOODY for appellant.

EDWARDS, OGDEN & PEAK and TURNER & TURNER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. H. Gayle sued the Louisville & Nashville Railroad Company to recover damages for personal injuries. From a judgment in his favor for $6,000.00 the railroad company has appealed.

The facts are these: Appellee and his co-worker, Herbert Alexander, were engaged in tamping a crosstie on appellant's track in Henry county. Alexander's pick struck appellee's pick and caused the latter to strike appellee in the head. In tamping ties two employees work together, and according to the evidence for appellee, the proper method was for them to begin at opposite ends of the tie and each work continuously to the center. On the occasion in question appellee had about finished his half of the tie when Alexander, instead of tamping continuously from his end, skipped a portion of the tie, stepped to the center and brought his pick down. Appellee,

who did not know of this movement, was just in the act of raising his pick when it was struck by Alexander's pick and knocked out of his hands. According to appellant's evidence, there was frequent contact between the picks of section hands engaged in the work of tamping.

It is insisted that appellant was entitled to a peremptory instruction on the ground of assumed risk. It is true that appellee's injury was not due to any violation by appellant of any statute enacted for the safety of employees, but it must not be overlooked that that is not the only departure from the common law rule of assumed risk made by the Federal Employers' Liability Act under which this case arises. On the contrary, that act places a co-employee's negligence, when it is the ground of the action, in the same relation as that of the employer in the matter of assumption of risk. Chicago, R. I. & P. R. Co. v. Ward, 252 U. S. 18, 64 L. Ed. 430; McCarty, Admr. v. L. & N. R. R. Co., 202 Ky. 460. That being true, appellant was liable if appellee's injuries were caused by the negligence of Alexander, but was not liable if they were the result of one of the ordinary risks incident to the work. There being evidence to support each of these theories, the question was properly submitted to the jury.

Another contention is that the court erred in failing to require the jury to reduce to its present worth the amount allowed for mental and physical suffering. In our opinion this was not necessary. When the earning power of an employee is impaired by a permanent injury, he is deprived of wages which he would have received in the future had he not been injured. Therefore, the situation requires the anticipation of future payments, and it is but just and fair that the verdict should be made upon the basis of their present value only. C. & O. Ry. Co. v. Kelly, 240 U. S. 485, 60 L. Ed. 1117. With respect to mental and physical suffering the situation is different. There is no deprivation of future benefits, and therefore no occasion for anticipating future payments. The jury simply fixes a sum that in its judgment will reasonably compensate the injured party for his past and future suffering. This duty is already attended by sufficient difficulty without requiring the jury first to fix the amount and then speculate as to its present worth with no facts to guide them in reaching a conclusion.

The jury fixed the damages for mental and physical suffering at $2,000.00, and for permanent impairment of

earning power at $4,000.00, and it is insisted that the verdict is excessive. While the evidence for appellant showed that appellee's skull was not fractured, and that the injury was slight, appellee's evidence is to the effect that his skull was fractured, and that since the injury he had not been able to do one-fourth as much work as he formerly did, because of the fact that whenever he stooped over, he became dizzy and had to catch hold of something to prevent his falling. On the whole, we are unable to say that the verdict is so large as to strike us at first blush as being the result of prejudice or passion.

Judgment affirmed.