## Martin et al. v. Stumbo Elkhorn Coal Company.

(Decided October 19, 1926.)

### Appeal from Floyd Circuit Court.

1. Jury.—Jury Containing One Bystander, After Six Bystanders had Been Summoned to Complete Panel and Each Party had Stricken Three Names, Held Not Properly Impaneled (Ky. Stats., section 2247).—Jury composed of 11 regular jurors and one bystander, after six bystanders had been summoned to complete panel of 18, and each party had stricken three names, held not properly impaneled, in view of Kentucky Statutes, section 2247.

2. Appeal and Error.—Method of impaneling juries in civil cases is always subject to review, notwithstanding Criminal Code of Prac- tice, section 281.

3. Appeal and Error—Disregard of Statute Relative to Securing Jurors Held of Itself Prejudicial Error.—Where statute to secure fair and impartial jurors has been substantially disregarded and question has been properly raised, court will not speculate on whether complaining party was prejudiced; fact that he was de- prived of statutory right being of itself prejudicial error.

4.  Eminent Domain.—In condemnation proceeding, market value and
    not cash value of land is the measure of damages.

C. B. WHEELER for appellant.

A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Stumbo Elkhorn Coal Company brought this action in the Floyd county court to condemn a right of way for a spur track over the land of Noah Martin. The amount of land proposed to be taken was one-fourth of an acre. The damages were fixed at $300.00 by the commissioners, and at $500.00 by the jury in the county court. On appeal to the circuit court the damages were again fixed at $500.00. Martin appeals.

At the outset we are met by the contention that the jury was not properly impaneled. It appears that twelve of the jurors were engaged in trying another case. To complete the panel of eighteen the court directed that six bystanders be summoned. After each party had stricken three names from the panel thus tendered there remained a jury composed of eleven of the regular jurors and one bystander. The action of the court was properly challenged by appellant.

Criminal Code, section 281, is not controlling, and the method of impaneling juries in civil cases is always subject to review. Weil v. Kreutzer, 134 Ky. 563, 121 S. W. 471. The precise question here involved was before the court in Louisville & N. R. Co. v. King, 161 Ky. 324, 170 S. W. 938. There, five bystanders had been summoned to fill vacancies on the regular panel prior to the trial of the case. When the case was called five more bystanders were selected and qualified. After each party had peremptorily challenged three jurors on the panel of eighteen there were left on the jury for the trial of the case three of the bystanders summoned by the sheriff in selecting the trial jury and two of the bystanders theretofore summoned during the trial term. It was the contention of appellee that the jury was properly impaneled as no more than three bystanders selected for that trial remained on the jury. Referring to section 2247, Kentucky Statutes, which requires the jurors to be drawn from the drum, and provides that when the number of vacancies does not exceed three, the sheriff may summon

bystanders to supply the vacancies, the court held that every litigant was entitled to a list of eighteen properly summoned jurors before exercising his right of peremptory challenge, that if the list tendered contains more than three bystanders his rights are violated, and if the trial proceeds over his objection the error is such as to warrant a reversal. To the same effect is Winchester v. Watson, 169 Ky. 213, 183 S. W. 483; Imperial Jellico Coal Co. v. Bryant, 168 Ky. 385, 182 S. W. 205; Louisville & N. R. Co. v. Patrick, 167 Ky. 118, 180 S. W. 55. Furthermore, it is the settled rule that where the statute enacted for the purpose of securing fair and impartial jurors has been substantially disregarded and the question has been properly raised, the court will not stop to speculate on whether the complaining party was actually prejudiced or not by the method employed. It is sufficient to say that he has been deprived of a statutory right, and this of itself is prejudicial error authorizing a reversal of the judgment. Louisville & N. R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039.

In the instruction on the measure of damages the court authorized the jury to find for the defendants "such a sum as you may believe from the evidence is the fair and reasonable cash value of the strip of land taken." The true criterion is the fair and reasonable market value of the strip of land taken, regardless of whether the sale is made for cash or on time, and, on another trial, the court will substitute "market value" for the words "cash value." The court will also omit from the instruction the words "not to exceed in all the sum of $6,000.00, the amount claimed in the exceptions."

Judgment reversed and cause remanded for a new trial consistent with this opinion.