## Chesapeake & Ohio Railway Company v. Craig.

(Decided May 7, 1929.)

GALVIN & TRACY and W. A. BURKAMP for appellant.

SAWYER & PICHEL and A. C. HALL for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action by a railroad employee against his employer to recover damages for personal injury. It is governed by the Federal Employers' Liability Act of April 22, 1908 (45 USCA secs. 51-59), and is predicated upon a negligent act of a fellow servant. The employee recovered a judgment for $1,500, and the employer prosecutes the appeal. The ultimate facts are few and may be briefly stated. Craig and five fellow workmen were engaged in placing a railroad track in alinement. The work was done with metal bars approximately five feet in length. The men worked in pairs, three of them inserting the metal bars under the rail on one side and the other performing similar operations directly opposite. The distance between the opposite workmen was the width of the railroad track. At a signal previously agreed upon, all of the men acting together lifted the track into the proper position. The foreman stood upon the track a short distance away, where he could advise when the correct alinement was accomplished. On the occasion in question, Craig and the other men, except Stevens, had placed their bars under the rails and were waiting for Stevens to get his bar in position. The ground was frozen and the first attempt of Stevens to insert his bar under the rail was unsuccessful. He then gave it a wider swing with greater force, extending it

over and beyond the opposite rail, striking Craig in the face, and destroying the right eye. It is the act of Stevens in so doing that is the basis of the recovery in this case.

The appellant's argument is that it was entitled to a peremptory instruction because the conduct of Stevens did not constitute negligence within the meaning of the federal act, or, if it did, that such negligence was an ordinary risk of the employment, which was assumed by the servant. In cases of this character, we administer the law of the United States as interpreted by the Supreme Court, which is the final arbiter of disputes arising under acts of Congress. The Act of April 22, 1908, where it applies, imposes liability upon the railroad for injury to its employees caused by the negligence of any of its officers, agents, or employees. Prior to the passage of that act, a master was not liable to a servant for an injury resulting from the negligence of a fellow servant, but the statute introduced a new policy and radically changed the existing law. Mondon v. New York, N. H. & H. R. Co., 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44. It abrogated the former rule and made the master liable for the negligence of a fellow servant. New York C. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629. The act did not define negligence, and for its meaning we must look to the common law as interpreted by the federal courts. L. & N. R. Co. v. Reverman's Adm'x (Ky.) 15 S. W. (2d) 300; So. Ry. Co. v. Gray, 241 U. S. 335, 36 S. Ct. 558, 60 L. Ed. 1030; Toledo, St. L. & W. R. Co. v. Allen, 276 U. S. 166, 48 S. Ct. 215, 72 L. Ed. 513. The failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or the doing what such a person, under the existing circumstances, would not have done, constitutes negligence. The duty is dictated and measured by the exigencies of the occasion. Such is the interpretation by the courts of the United States of the requirements of the common law. Baltimore & P. R. Co. v. Jones, 95 U. S. 441, 24 L. Ed. 506; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485; Central Vermont R. Co. v. White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252; Del. L. & W. R. Co. v. Koske, 278 U. S. —, 49 S. Ct. 202, 73 L. Ed. —.

The circumstances may be such as to render an act negligent which, under other conditions, would not be so.

The duty of due care arises when the rights or persons of others come within the zone of a dangerous activity. It varies with the varying conditions and is commensurate with the potential danger. Weil v. Kreutzer, 134 Ky. 563, 121 S. W. 471, 24 L. R. A. (N. S.) 557. It has been intimated that the numerous definitions found in the books may be more confusing than illuminating, whilst a generalization that "negligence is any unreasonably dangerous conduct" would be sufficient for practical purposes. "Negligence, Inadvertence and Indifference" (Edgerton) 39 Harvard Law Review, 849. "Danger, reasonably to be foreseen at the time of acting, is the established test of negligence. The proposition, then, that the defendant is under a 'duty of care' to certain persons in a certain situation means that as to them, he acts at his peril if he does dangerous things carelessly." Jaggard on Torts, sec. 263; Cooley on Torts, 630; Davis v. Walls, 202 Ky. 769, 261 S. W. 268.

There can be no doubt that a heavy metal bar, five feet long, in the hands of a strong man, is a dangerous instrumentality with which to strike a man in the face. Stevens knew of the presence and position of Craig, and of the peril to him from swinging the bar too far. Craig had no notice or warning or chance to avoid the danger, which arose suddenly and unexpectedly. The principle that permeates the authorities upon the subject of negligence, from any standpoint the matter may be approached, is that the disregard of a duty resulting in injury to one to whom the duty is owed constitutes actionable negligence. 45 C. J. p. 639, sec. 16. It was the duty of Stevens, under the circumstances confronting him, not to swing the bar beyond the limits of safety to his fellow workmen, and when he did so he violated his duty which was the proximate cause of the injury to Craig. At least the jury was warranted by the evidence in its finding to that effect, and the court was justified by the law on the facts shown in submitting the matter to the jury. L. & N. R. Co. v. Gayle, 204 Ky. 142, 263 S. W. 763; I. C. R. Co. v. Skaggs, 240 U. S. 67, 36 S. Ct. 249, 60 L. Ed. 528; Southern R. Co. v. Gadd, 233 U. S. 572, 34 S. Ct. 696, 58 L. Ed. 1099, affirming (C. C. A.) 207 F. 277; Lewis v. C. & O. R. Co., 202 Ky. 300, 259 S. W. 353.

The act of Congress abrogated the defense of assumption of risk where the violation of a federal statute was involved, but it was preserved in full vigor in all other respects. Seaboard Air Line Co. v. Horton, 233

U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1; N. Y. C. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247; 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; The risk of an act like the one here involved is not assumed by the servant. It was a positive act of negligence for which the statute rendered the railroad liable. 45 C. J. sec. 15, p. 637; C., N. O. & T. P. Ry. Co. v. Wilson's Adm'r, 161 Ky. 640, 171 S. W. 430. It would emasculate the act of Congress to say in one breath that the railroad was liable for the negligence of a fellow servant, and then, in the next breath, to declare that it was not liable because the injured servant assumed the risk of such negligence. Wright v. Yazoo & M. Valley R. Co. (D. C.) 197 F. 94, affirmed 207 F. 281 (C. C. A. 6) and 235 U. S. 376, 35 S. Ct. 130, 59 L. Ed. 277.

The risks which the servant assumes are the ordinary risks and incidents of doing the work in the usual and proper way, and the extraordinary risks including those resulting from negligence of which the servant is advised, or which are so obvious as to be necessarily appreciated by him, and which he could only fail to know and appreciate by his own failure to exercise ordinary care. N. Y. C. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; Kentucky Freestone Co. v. McGee, 118 Ky. 306, 80 S. W. 1113, 25 Ky. Law Rep. 2211.

The action of Stevens described in this case constituted negligence, which arose suddenly and unexpectedly, and the risk of injury from such conduct was not assumed by Craig. On the contrary, it was a character of negligent act for which liability was imposed upon the railroad by the federal statute. It follows that the court ruled rightly in denying the motion for a peremptory instruction.

The judgment is affirmed.