**TENNESSEE PRODUCTS & CHEMICAL CORPORATION, Appellant,**

**v.**

**W. L. MILLER et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Oct. 7, 1955.

Earle M. Nichols, Nichols & Nichols, Madisonville, for appellant.

Moore & Morrow, Madisonville, for appellees.

CLAY, Commissioner.

This action was brought by nine members of the Miller family to recover for personal injuries sustained when the automobile in which they were riding ran off the road and struck a culvert. It was claimed the accident was caused by the negligence of defendant corporation when its trailer-truck allegedly struck the left front fender of the automobile while passing. All of the plaintiffs recovered substantial damages and a number of grounds are urged for reversal.

■ The first objection of the defendant is that the trial court did not comply with the provisions of KRS Chapter 29 in the appointment of jury commissioners and in drawing the jury. However, in its motion to discharge the jury, the defendant did not specify these grounds. CR 7.02 requires that a motion "shall state with particularity the grounds therefor". This is not a formal requirement but one designed to apprise the trial court of the specific basis upon which a party casts his request for a ruling. In failing to present to the court these specific grounds in support of his motion, defendant waived the errors, if any, with respect to the appointment of jury commissioners and the time of drawing the jury. See Belcher v. Sandy Valley & E. Ry. Co., 207 Ky. 560, 269 S.W. 729.

Defendant's motion to discharge the jury should, however, have been sustained upon the ground stated in the motion, that five persons on the jury panel had been summoned as bystanders. KRS 29.280(1) specifies the manner in which additional jurors in civil actions shall be supplied. The principal requirement of this statute is that in filling vacancies in a jury panel additional jurors shall be drawn from the drum, but an exception is provided. It is:

"If the number of vacancies does not exceed three, the judge may direct the sheriff to summon bystanders to supply the vacancies, instead of drawing additional names from the drum."

This provision of the statute has been in effect since 1926. Section 2247, Carroll's Kentucky Statutes. In a number of cases it has been held reversible error where it appeared that more than three bystanders had been summoned to serve on a regular civil jury panel. Louisville & N. R. Co. v. Owens, 164 Ky. 557, 175 S.W. 1039; Louisville & N. R. Co. v. Patrick, 167 Ky. 118, 180 S.W. 55; Imperial Jellico Coal Co. v. Bryant, 168 Ky. 385, 182 S.W. 205; Winchester v. Watson, 169 Ky. 213, 183 S.W. 483; Brashears v. Combs, 174 Ky. 344, 192 S.W. 482; Martin v. Stumbo Elkhorn Coal Co., 216 Ky. 147, 287 S.W. 539.

In Louisville & N. R. Co. v. King, 161 Ky. 324, 170 S.W. 938, a distinction was recognized between summoning bystanders on a particular occasion and summoning them from time to time. In that case, apparently at different times, five bystanders had been selected to serve on the regular panel. The court decided that this was a legal panel and that the prohibition of the statute was directed at the summoning of more than three bystanders *at any one time*. We are of the opinion that the court in that case misconstrued the statute, and we believe its reasoning with respect to the calling of more than three bystanders at any one time points up the fallacy of the conclusion reached.

■ Every litigant is entitled to a qualified jury. The principal purpose of

KRS 29.280 is to dispense insofar as practicable with the use of the professional juror, and to that end the parties have the right to insist upon compliance with the statute. Louisville & N. R. Co. v. Owens, 164 Ky. 557, 175 S.W. 1039, above cited. As pointed out in that case, if the statute has not been complied with and objection is seasonably made, reversible error exists and it is unnecessary for the complaining party to show prejudice. See also Louisville & N. R. Co. v. King, 161 Ky. 324, 170 S.W. 938, above cited, and Martin v. Stumbo Elkhorn Coal Co., 216 Ky. 147, 287 S.W. 539.

In the present case the five bystanders on the panel had been summoned at different times, three being placed on the panel on May 5, one on May 10 and one on May 17. Thus no more than three were summoned at any one time. However, as we have indicated, the objectional feature of this panel is that it is composed of a substantial number of persons whose names were not taken from the list of qualified jurors selected by jury commissioners and drawn by the court in the manner prescribed by KRS 29.280(1). Insofar as a litigant is concerned, it would make no difference when bystanders were selected to serve. His objection is to the excessive number of jurors on the panel who do not possess the established qualifications.

If we accept the argument of appellees and adhere to the ruling in the case of Louisville & N. R. Co. v. King, 161 Ky. 324, 170 S.W. 938, above discussed, it is entirely possible that a jury panel, with vacancies filled from time to time (not more than three having been summoned at any one time but retained on the jury), would consist entirely of bystanders. This actually happened in the case of Winchester v. Watson, 169 Ky. 213, 183 S.W. 483. The judgment was reversed and this procedure condemned. There the fact that all of the bystanders on the panel had been summoned at one time seems to us to have nothing whatever to do with the lack of qualifications of such a panel. In view of the sacredness of our jury system, we cannot bring ourselves to such a strained construction of the statute as would tend to disrupt that system and would encourage the use of professional jurors.

Considering the legislative objective to secure the selection of a fair, impartial and qualified jury, it is apparent that KRS 29.280(1), in permitting the use of any bystanders, recognized a necessary evil to which the trial court may need to resort under pressing circumstances. In limiting the court to the selection of three bystanders, we think the legislature clearly intended this limitation to apply to any particular panel and not a particular time of selection. Appellant's seasonable objection to the jury panel comprising more than three bystanders was well taken, and the judgment must be reversed on this ground. To the extent that Louisville & N. R. Co. v. King, 161 Ky. 324, 170 S.W. 938, is in conflict with our conclusion, it is expressly overruled.

Since there must be a new trial, we will attempt to set at rest certain questions that may recur.

Defendant complains of the instructions given on a great many grounds. Ten were given by the court, nine of them relating separately to each of the plaintiffs. The only issue presented to the jury, except the amount of damages, was whether or not the defendant's truck collided with the automobile, thereby directly causing plaintiffs' injuries.

Defendant contends the trial court should have defined the common law and statutory duties of defendant's truck driver. We can conceive of no sound reason for so doing. The principal defense was that defendant's truck was not involved in this accident at all. If it did collide with the plaintiffs' automobile under the circumstances here shown, then the driver was negligent as a matter of law in turning his truck to the right while passing before he was reasonably clear. KRS 189.340(1). Since the other duties of the defendant's driver had no bearing upon this accident,

it was proper for the court to limit its instructions on liability to the fundamental issue in the case. Harry Holder Motor Co. v. Davidson, Ky., 243 S.W.2d 926.

■ The next contention is that the court should have submitted the issue of contributory negligence on the part of the automobile driver. This point seems well taken. KRS 189.350 requires that the operator of a vehicle being overtaken "shall give way to the right in favor of the overtaking vehicle" and also provides that the operator of a vehicle being overtaken shall give reasonable assistance "in order to obtain clearance and avoid accidents."

The driver of the automobile testified that he saw the truck was attempting to pass him, and further stated "I knew he couldn't make it". Under those circumstances it certainly became a jury question as to whether or not the driver of the automobile complied with the duties imposed upon him by KRS 189.350, and a contributory negligence instruction should have been given on the claim of W. L. Miller, the driver.

■ Since it was shown that more than three people occupied the front seat of the automobile, a contributory negligence instruction, based on KRS 189.470(1), should likewise have been given as to W. L. Miller. See Clark v. Finch's Adm'x, Ky., 254 S.W. 2d 934.

■ Since his wife was one of the four passengers on the front seat (the other two being infants), and in view of the fact that the overcrowded condition may have interfered with the operator's control of the vehicle and this condition may or should have been known to her, the question of her contributory negligence in this respect should also have been submitted to the jury by appropriate instruction. See Coy v. Hoover, Ky., 272 S.W.2d 449.

■ With respect to the passengers on the back seat, the danger of overcrowding the front seat, if it did interfere with the control of the operator, may or should have been obvious to them, and a contributory

negligence instruction as to them should have been given. See Price v. United States, D.C.Ky., 50 F.Supp. 676.

Defendant complains on this appeal of a great many other errors in the instructions, particularly with respect to the measure of damages allowable to each of the nine plaintiffs. Without discussing these many objections, we express the hope that the trial court, with the good faith assistance of counsel for both sides, will carefully limit the damages recoverable to those proven with respect to each plaintiff. In a case involving this many plaintiffs, we consider it especially the duty of plaintiffs' counsel to offer proper instructions on the measure of damages.

It is obviously unnecessary to consider the question of excessiveness of damages.

The judgment is reversed for proceedings consistent with this opinion.