CASE 56.—ACTION BY ALONZO MILLER AGAINST MARY J. HART TO ENFORCE A CONTRACT FOR THE SALE OF LAND.—March 29.

## Miller v. Hart

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

1. Pleading—Judgment on Pleadings—Effect—Where judgment is entered on the pleadings, the allegations of the petition must be taken as true on appeal.

2. Frauds, Statute of—Contracts—Sale of Interest in Land—An oral contract, whereby defendant agreed to execute to plaintiff a written conveyance of her whole life estate in certain property, agreeing not to claim any right or interest therein, except to cut such firewood as she needed for her own use, plaintiff to pay her a certain sum per year for the land as long as she lived, was one for the sale of land, and void under Ky. Stats. 1903, section 458, providing that the words "real estate or land" shall be construed to mean any interest therein, other than a chattel interest, and section 470 (statute of frauds), providing that no action shall be brought to charge any person on any contract for the sale of real estate unless the contract is in writing.

3. Same—Estoppel—The fact that, relying on defendant's agreement, plaintiff purchased part of the land from the remaindermen, defendant knowing that he so relied on the agreement, and accepting a partial payment by plaintiff thereunder, did not estop her from setting up the statute of frauds in defense to an action against her on the agreement.

4. Same—Rescission—The contract being void, it was only left to the court to rescind it upon equitable terms.

HENDRICK & MILLER for appellant.

Miller v. Hart.

## POINTS DISCUSSED, AND AUTHORITIES.

1. The word "term," as used in section 470, sub-section 6, Kentucky Statutes, is a technical designation, meaning a defiinite period of time, having a precise beginning and end.   An estate for life· is not a "term;" and a renting for life at a fixed sum, to be paid annually, is not a renting for a "term."   (See Tiederman on Real Property, section 173).

2. Statute ·of frauds.   A renting of land during her life by the owner of life estate therein, is not a renting for "a longer term than one year, and is not a contract not to be performed within one year,"· and is not within the Statute of Frauds.   (Bullock v. Falmouth, etc., 85 Ky. 104;  Frazier v. Clark, 9 Ky. Law Rep. 404;  Farris v. Turner, 96 Ky. 634;  Dickey v. Dickerson, 105 Ky. 784;  Myers v. Korb, 21 Ky. Law Rep. 163;  Thomas v. Feese, 21 Ky. Law Rep. 206;  Story v. Story, 22 Ky. Law Rep. 1731;  Bull v. McCrae, 8 B. M. 422;  Daley v. Cain, 11 Ky. Law Rep. 936;  Howard v. Burgen, 4 Dana 137;  Myles v. Myles, 6 Bush 237;  Stowers v. Hollis 83 Ky. 544;  Whitley v. Whitley, 26 Ky. Lew Rep. 134).
   3. Estoppel.   (See Connolly v. Brantsler, 3 Bush 702).

R. G. PARK for appellee.

## QUESTIONS INVOLVED.

The questions involved are:
First.—Is the agreement alleged within the statute of frauds?
Second.—Does the evidence prove the agreement was in fact made?
Third.—Is appellant estopped under the facts of this case from asserting claim to her life estate which she owned in the land?

## AUTHORITIES CITED

On statute of frauds.   (Ky. Statutes, section 470, sub-section 6; 88 Ky., 572 to 577;  Dean v. Cassiday, etc.;  Tiedeman on Real Property, sections 172-173;  26 Ky. Law Rep., 134-5-6;  Whitley v. Whitley's Administrator).
   On question of estoppel.   (94 Ky., 147-8, Newman v. Moore; 42 Am. St. Rep., 343-4-5 S. C.;  112 Ky., 657, Floyd & wife v. Mackey.)

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Some years ago John M. Hart died testate, a
resident of McCracken county, owning a tract of 215
acres of land. He devised the land to his widow for
life, and the remainder in fee to his four children.
After his death a division of the land was made be-
tween the children, subject to the life estate of the
mother. In this division Samuel Hart, one of the
sons, received 52¼ acres. After this Samuel Hart
died, leaving three children. Appellant, Alonzo
Miller, learning that they desired to sell the 52¼-acre
tract, made an arrangement with them to buy it for
$500, subject to the life estate of their grandmother,
Mary J. Hart, provided he could secure her life
estate in the land. He saw her and she agreed to
the arrangement, agreeing to let him have her life
estate in the land for $50 a year payable to her as
long as she lived, and she agreed to execute to him a
writing to this effect. Relying on her promise he
bought the land from the grandchildren and paid
them $500, and they made him a deed for it subject
to their grandmother's life estate. She afterwards
refused to comply with her agreement, and he
brought this suit against her. She filed an answer
denying the allegations of the petition, but after this
answer was filed she entered a motion for judgment
in her favor upon the pleadings, on the ground that
the contract alleged was within the statute of frauds.
The court sustained the motion, and entered judg-
ment in her favor. From this judgment Miller
appeals.

As the judgment was entered upon the pleadings,
the allegations of the petition must be taken as true

upon the appeal.   It is insisted for Miller that the
contract is a renting of the land for the lifetime of
Mrs. Hart, and that, as she may die within a year,
the contract is not within the statute of frauds.
Dickey v. Dickerson, 105 Ky., 748, 20 Ky. Law Rep.,
1559; 49 S. W. 761, 88 Am. St. Rep. 337, and cases
cited.   It is insisted for Mrs. Hart that the contract
set up is not a renting of the land, but a sale of her
life estate, and that, therfore, it cannot be enforced,
being in parol.   The allegations of the petition are
in these words:   "The plaintiff says that he baught
from the three said children of Sam Hart the land
hereinafter described, but before buying same, he
made also an arrangement with the defendant, Mary
J. Hart, in and by which she agreed, promised, and
undertook that if he would purchase from the said
three devisees, her children, their interest in the said
land, she would then execute to this plaintiff a written
conveyance of her whole life estate therein, and that
she would not claim any right or interest in and to
said property, except the right to cut such firewood
as she might need for her own use from the said
farm; she at the time occupying another part of the
said 215-acre tract; and the plaintiff Alonzo Miller
distinctly told the said Mary J. Hart and her said
grandchildren, R. J. Hart, Sallie Humphrey, and E.
A. Hart, that he would not buy said land without
such an agreement from the said Mary J. Hart; and
upon her solemn promise and agreement that she
would execute to him a writing to the effect above set
forth, with the further stipulation that he was to
pay her the sum of $50 per year during her life,
and upon this condition alone, he did purchase from
the said three grandchildren, and pay them in full

vol. 122—32.

therefor.'' An amended petition was filed, which is in these words: ''The plaintiff, Alonzo Miller, by leave of court, amends his original petition for the purpose of conforming to the proof and making same more specific, and says that it was agreed between him and the said Mary J. Hart, defendant, that if he would buy the land from R. J. Hart, Sallie Humphrey, and E. A. Hart, and pay them therefor the sum of $500, that he might, immediately or at the end of the year 1903, take possession of the said land, and that he should pay the said Mary J. Hart at the rate of $50 per year for the said land as long as she should live, and she agreed and promised that she would cut no timber upon or from said land, except simply such as was necessary for her own individual use for firewood in her residence; and she further stipulated that he should build a division fence between the said tract which he bought and the part of the Jack Hart farm on which she lives, and he promised to do so. All this was agreed by him and by her, and he then bought the land from the said R. J. and E. A. Hart and Sallie Humphrey and her husband, and paid them therefor $500, and took their deed, and, on the 1st of January, 1904, he did under this said contract with Mary J. Hart and others take possession of the land and begin to make the required improvements thereon and has continued to do so and yet is in possession of said land. The said Mary J. Hart acquiesced in his taking possession of said land, and actually called upon him for a part of the money for the present year's use thereof, and he paid to her and she received thereon and therefor $20 on the 3d day of February, 1904, and reaffirmed and ratified said contract, but declined to execute any writing in fulfillment of her promise.

He says the said Mary J. Hart is about 82 years of age, and owned merely a life estate in the said land, and nothing more.''

The allegation of the original petition is that Mrs. Hart agreed to execute to the plaintiff a written conveyance of her whole life estate in the property, and that she would not claim any right or interest in or to the property except to cut such firewood as she might need for her own use from the farm. The allegation of the amended petition is that he was to build a division fence between the tract he bought and the tract she lived on, and that he might take possession at the end of the year 1903 and pay her at the rate of $50 a year for the land as long as she lived. We do not see that the amended petition substantially changes the original petition. No part of it is withdrawn. It is very clear that Miller contemplated acquiring absolute control of the land, and that Mrs. Hart was to have no right or interest in it except the right to cut firewood. A landlord may maintain an action for waste against his tenant, but, under this contract, if valid, Mrs. Hart would have no interest in the property. A landlord may distrain for rent and he may have a summary proceeding to obtain possession, but Mrs. Hart could hardly have sued out a distress warrant if Miller had failed to pay her the $50 a year under this contract or have ousted him under a writ of forcible detainer. The relation of landlord and tenant does not exist where the grantor parts with all interest in the property. Looking at the substance of the thing, we think the contract set up is the sale of the life estate of Mrs. Hart in the land, and not properly a lease at all. Estates in land less than a fee simple are divided into freeholds not of inheritance and

estates less than a freehold or mere chattel interest. 2 Blackstone, chapters 8 and 9. An estate created by grant which is to be held for the life of the grantor or the grantee or for that of any other person is a freehold, and not a chattel, interest. 2 Blackstone, side page 220; Taylor on Landlord and Tenant, section 14. The rule as to the creation of such estates is thus stated in 18 Am. & Eng. Ency. of Law, page 213: "Land may be demised to be held during the life of the lessor, the lessee, or a third person or persons, in consideration of the payment of rent by the lessee. Such a demise creates the relation of landlord and tenant, and the interest of the lessee is a tenancy for life. As the interest of the lessee is a freehold, therefore such a tenancy must be created by an instrument under seal." Section 458, Ky. Stats. 1903, provides that the words "real estate" or "land" shall be construed to mean any interest therein other than a chattel interest, and by section 470 it is provided that no action shall be brought to charge any person upon any contract for the sale of real estate, unless the contract is in writing. It is immaterial what we call the contract in question. If valid, it created in Miller an estate in land which was not a chattel interest, and which is by the statute defined as real estate. Under the statute no interest in land greater than a chattel interest can be created by parol; for, call this by any name you will, it is a sale of land. The contract is therefore within the statute of frauds, and the circuit court properly so held.

The position that Mrs. Hart is estopped cannot be maintained upon the allegations of the petition. Miller understood perfectly the condition of the title. He simply relied upon her parol promise. The

statute of frauds is none the less available because the promisee acted upon the promise, trusting that it would be carried out. The contract being void, it was only left to the court to rescind it upon equitable terms. Dean v. Cassiday, 88 Ky. 572, 11 Ky. Law Rep. 105; 11 S. W. 601. In view of all the facts, we see no substantial error in the adjustment made by the court.

Judgment affirmed.

Petition by appellant for rehearing overruled