## Cannon et al. v. Carr et al.

Jan. 22, 1943.

Stephens & Steely for appellants.

C. B. Upton for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

This suit is between a mother, Mrs. Cora Carr, and a stepfather, appellees, and a daughter, Mrs. Eliza Mae Cannon, and her husband, appellants. The single question of law presented in the direct appeal has emerged from much testimony concerning claims of sacrifice and ingratitude on the one side, and of devotion and unreciprocated kindness on the other. Several legal questions raised in the pleadings have passed out of the case, and we are not concerned with the respective contentions as to moral obligations.

The question is whether an oral agreement by the owner that another may have the use, rents and profits of land during her lifetime if she will pay the taxes and maintain the property is binding and enforcible.

The mother had remarried when her daughter was eleven years old. It appears the family lived on the place for awhile but later the daughter left home and more recently the mother and stepfather moved to another farm owned by him down the road from this place. The chancellor accepted the finding of fact by a jury on an issue

out of chancery that in 1932, after she had reached legal age, the daughter, as the owner, had made the verbal agreement with her mother as above described. The court adjudged the contract not to be within the statute of frauds and declared the mother has the right to continue to manage and enjoy the property as her own as long as she lives and meets her obligation to pay the taxes and keep up the place. The daughter appeals.

Our statute of frauds, KRS 371.010, provides that unless it or some memorandum or note thereof be in writing and signed by the party to be charged therewith, or by his authorized agent,—

"No action shall be brought to charge any person: * * *

"(6) Upon any contract for the sale of real estate, or any lease thereof for longer than one year; or

"(7) Upon any agreement that is not to be performed within one year from the making thereof."

The parties have regarded the agreement as a lease. The appellants contend that the terms of Sec. 6 apply literally. The appellees contend that as the agreement is capable of being performed within one year, because its termination is dependent upon the contingency of the mother's death, it is not within the statute. It has been our consistent construction of Sec. 7 that if an oral agreement will be fulfilled or extinguished by the death of either party it is not within the statute and may be enforced. The appellees' argument is that the same reasoning requires a similar construction of Sec. 6 in relation to a lease of land. Sec. 6 standing alone does not authorize such a construction, for it explicitly declares that a lease of land for longer than one year is unenforcible. In Greenwood v. Strother, 91 Ky. 482, 16 S. W. 138, we first held that a verbal lease for one year to begin in the future is not enforcible, and in so declaring read into Sec. 6 the limitations of Sec. 7 in respect of the performance of a contract not capable of being performed within one year. It has been repeatedly so held without further comment. A lease of land is the conveyance of an estate in realty for it divests the owner for a given time of his right of possession and control. Mattingly's Ex'r v. Brents, 155 Ky. 570, 159 S. W. 1157. And as aptly said in Tiffany, Real Property, Sec. 80:

"As stated before, the reference to a lease as an 'agreement' or a 'contract' has the effect of obscuring the important fact that it is a conveyance, transferring an estate to the lessee, a fact which is clearly recognized by the first class of statutory provisions above referred to."

Under either conception as to characteristic of the agreement, the conclusion that a lease for one year to begin in the future is within the statute of frauds is a sound and reasonable construction of Sec. 6, otherwise an oral agreement for the use of real estate might be extended over a period of two years or more, and the salutary purposes of the statute of frauds be thwarted. As to possibility of performance within one year, it is very doubtful that in any case the interpretation of Sec. 7, in which the provision as to contracts generally is negative in form, requiring a strict construction, should be given the affirmative and positive provision of Sec. 6 that an oral lease for longer than one year is not enforcible; but see Niagara Fire Ins. Co. v. Layne, 168 Ky. 665, 172 S. W. 1090.

The agreement in the present case is not merely a lease. It is an oral gift of a life estate in land nothing more or less. The obligations assumed by the mother were only to pay the taxes and keep up the property, which is the entire duty of a life tenant. Pool v. Pool, 214 Ky. 267, 283 S. W. 111.

KRS 446.010 (Sec. 458, Ky. Stats.) declares that the words "real estate" and "land" when used in the statute laws shall be construed to mean any interest therein other than a chattel interest. KRS 382.010 (Sec. 490, Ky. Stats.) provides that "no estate of inheritance or freehold, or for a term of more than one year, in real property shall be conveyed except by deed or will." Since a life estate in land is a freehold and not a chattel interest, we have held in Miller v. Hart, 122 Ky. 494, 91 S. W. 698, that an oral agreement to convey a life estate to one who had a contract to buy and did buy the remainder in consideration of the payment of $50 a year, and reservation of the right to cut fire wood on the place, was an attempt to create an estate in land and was within the statute of frauds and void. It was claimed in that case, as it is here, that the agreement was but a lease for a lifetime and as the lessee may have died within a year the contract was not within the statute of frauds. While the

opinion does not discuss the point, the decision effectually determined that it was not well made. And for the same reason it was held in Hampton v. Glass, Ky. 116 S. W. 243, that the owner of a life estate in land was entitled to recover possession of 80 acres of the defendant, with whom she had made an oral agreement that he should have the use of the farm as long as she lived in consideration of his boarding and maintaining her. While in those cases the life estate had already been created and in this one the agreement created it, obviously there is no difference in principle. We are of opinion, therefore, that the agreement, whether it be regarded as a lease for life or an oral gift and conveyance, was not binding upon the daughter and that she is entitled to have a judgment so declaring and ordering its possession restored.

In a counterclaim the stepfather, Wesley Carr, alleged that by reason of the agreement above described and because of several requests of the plaintiff he had made permanent improvements in the property, increasing its value $1,500, for which sum he prayed judgment and a lien. In a separate counterclaim the wife pleaded that she had expended money and labor in improving the property and at great sacrifice had spent large sums in the maintenance and education of her daughter. She pleaded that under the will of her first husband, the father of the plaintiff, she, as executor, was directed to sell a portion of the land involved and use the proceeds for the "raising, clothing and education of our daughter, Eliza Mae Lambdin," but she had not sold the property and was entitled to recover $1,500 of her daughter and to a lien on the property to secure the payment of that sum in the event the agreement to use the property should be held not enforcible. The plaintiff pleaded a judicial decree to sell the land subsequent to the death of her father because of its indivisibility and the joint interest of other persons in it, and that she had bought the farm under that judgment; that the mother had been called upon, with other defendants in that suit, to set up any claim she had against the property and that she had asserted no claim for reimbursement. This was pleaded in bar and estoppel of her right not to assert same in this action. The court denied any recovery on either counterclaim, and the defendants prosecute a cross-appeal from that part of the judgment.

We are of opinion that Mrs. Carr is not entitled to

a lien on the property to secure her in the repayment of any money expended in maintaining and educating her daughter because of her failure to assert such a claim in the former suit. There may be other reasons but that is sufficient.

As to the improvements on the place. Upon a rescission of the oral lease or conveyance there should be an adjustment of the equities. Miller v. Hart, supra. The defendants are entitled to a lien on the property to the extent the permanent improvements they placed upon it enhanced its vendible value, but not in excess of the reasonable value of the improvements. It was so held on the second appeal of Glass v. Hampton, supra, reported in 122 S. W. 803. But they are not entitled to recover expenditures for ordinary repairs and upkeep. They are entitled also to credit for taxes paid. On the other side the plaintiff is entitled to recover the reasonable rent for the time the defendants occupied and used the property.

The judgment is reversed on both the direct and cross-appeals and the case remanded for proceedings consistent with this opinion.