**Wilson ELLIS, Appellant,**

v.

**Frank R. ELLIS, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1955.

Sawyer A. Smith, Covington, for appellant.

Vest & Vest, Walton, for appellee.

WADDILL, Commissioner.

This action of forcible detainer was brought by Frank Ellis against his father, Wilson Ellis, for the possession of a farm situated in Boone County. When the case reached the circuit court, Wilson Ellis, who is the appellant here, was adjudged guilty of forcible detainer. The court was of the opinion that appellant was in possession of appellee's farm under a tenancy at will, and could be evicted from the property because appellee had given him one month's notice, in writing, to vacate. See, KRS 383.140 and 383.210.

The appellant contends that the judgment is erroneous because he was entitled to the possession of the property under an oral agreement which he and appellee entered into in 1941. The agreement, as testified to by the appellant, was:

"He [Frank Ellis] said, 'I want you [Wilson Ellis] to go out and buy a farm and live on it and take care of

910

it; I don't want nothing off of the farm, and you move on it and take care of it, its your home your lifetime.'"

The appellant further testified that after he had selected the farm in question, that appellee purchased it, and placed him in possession in accordance with their oral agreement. Appellant stated that he has occupied the farm since 1941, and has made various permanent improvements upon the property, amounting to $5,830.

 It is urged by the appellant that the oral agreement is enforceable, and not within the statute of frauds, KRS 371.010, because its termination was dependent upon the contingency of appellant's death, and, therefore, the contract could be performed within one year. However, we think the agreement was an oral gift of a life estate in land which was void under KRS 382.010.

In Cannon v. Carr, 292 Ky. 793, 168 S.W.2d 21, the question was whether an oral agreement by a daughter that her mother should have the use of a farm during her (mother's) lifetime was binding and enforceable. It was urged that as the agreement was capable of being performed within one year because its termination was dependent upon the contingency of the mother's death, it was not within our statute of frauds. The court said that although the parties had regarded the agreement as a lease, it was actually an oral gift of a life estate in land, and was void. KRS 382.010; also, see, Miller v. Hart, 122 Ky. 494, 91 S.W. 698.

We think the Cannon case is conclusive of the question raised by the appellants. Therefore, the court correctly decided that appellant was a tenant at will of the appellee and could be evicted from the property after notice was given as required by KRS 383.140.

The appellant next urges that in reliance upon his agreement with appellee he has made permanent improvements upon the land, amounting to $5,830. Appellant insists that appellee was not entitled to maintain forcible detainer proceedings until

he paid for the cost of such improvements. While this claim does not constitute a legal defense to an action of forcible detainer, we have held under similar circumstances that there should be an adjustment of the equities. Glass v. Hampton, Ky., 122 S.W. 803. Therefore, the appellant is not precluded from bringing another action to determine the question of whether or not appellee is liable for permanent improvements made on the land.

Judgment affirmed.