**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**CARDINAL HILL NURSERY, INCORPO-RATED, et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1961.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Charles Dant Kearns, Dept. of Highways, Frankfort, for appellant.

R. Vincent Goodlett, Rudy Yessin, Frankfort, for appellee.

PALMORE, Judge.

This is a Chapter 177 (KRS 177.081–177.089) highway condemnation proceeding originating in the Franklin County Court, where the petition was dismissed because the state had not attempted "to contract or agree with the owner or owners" of the land sought to be taken, as required by KRS 177.081(1). On appeal the circuit court sustained the judgment of the county court on the broader ground that without producing any evidence the state failed to meet the burden of proving its right to condemn. As a matter of fact, the state introduced no proof in either the county or circuit court.

Lest there be any misconception as to the basis for this opinion, we have not considered any of the matters injected in behalf of the state by way of afterthought, affidavit, or tender (including the lease agreements and official Highway Department orders hereinafter mentioned, and all information aliunde imparted by the briefs). The real and only question is whether an issue as to the right to condemn was sufficiently joined by the pleadings to require proof by the state.

It is not contended that the petition failed on its face to state a cause of action. However, one of the conditions precedent to the right of condemnation under KRS 177.081 et seq. is that the Department by official order designate the location and route of the project for which the acquisition is deemed necessary. This order is conclusive of the public necessity for the taking. KRS 177.081(1). The petition stated that such an order had been issued, identified it by number, alleged the necessity of acquiring the property in question as a part of the proposed project, and referred to specific plans on file in the Department. Neither the order nor the plans were filed with the petition.

Another condition precedent to the right of condemnation under Chapter 177 is that the state be "unable to contract or agree with the owner or owners" of the property "designated as necessary." The petition alleged that the state had been "unable to contract or agree with the owners for the purchase of the land sought to be condemned." It stated further that the property was "owned in fee simple by the defendant Cardinal Hill Nursery, Incorporated subject to a one-half interest in the * * * oil, gas and uranium. * * * retained by the defendants, H. K. Gayle and Jennie H. Gayle," and that the defendant Derby Construction Co., Incorporated, owned a "leasehold interest" in the property.

The record on this appeal contains the answer of but one of the appellees, Derby Construction Company, Incorporated. So

far as it is pertinent to the particular question before us, that answer included the following defensive allegations:

(a) "A copy of the order of the Commissioner of Highways referred to in Paragraph I(1) of the petition is not filed with said petition."

(b) "Defendant denies that prior to the institution of this action the plaintiff, in good faith by and through its agents and/or employees, attempted in good faith to contract or agree with this defendant for the purchase of his interest in the land sought to be condemned."

(c) "Defendant denies that the petitioner has the right to condemn the interest of this defendant in the property sought to be condemned herein."

■ The statutes do not specifically require that the official order of the Department be filed in the condemnation proceeding, and we find no reason to imply it. If the order provided what the petition in general terms alleged, it complied with KRS 177.081(1). If the landowners doubted the existence or contents of the order they had only to deny it or move that it be produced. In the absence of a denial the allegation of its contents stood admitted. CR 8.04. That portion of the answer to the effect that a copy of the order was not filed with the petition, though an enlightening observation, was not a denial, and therefore not enough to call for proof of the document.

The petition showed that Cardinal Hill Nursery, Incorporated, was the principal owner and that Derby Construction Company, Incorporated, was a lessee. Its allegation that the state had been unable to acquire the property by contract *with the owners* was not controverted by a direct and categorical denial. It was countered obliquely, or side-stepped, by a denial that the state had attempted negotiations with this particular defendant, one of the owners

as distinguished from the rest. Since, therefore, the allegation of the petition as to the other owners, Cardinal Hill Nursery, Incorporated, and the Gayles, was not denied it must be taken as admitted. The question then becomes, does KRS 177.081(1) require the state to attempt negotiations with *all* of the owners of the various interests in a given unit or tract of land?

■■ The answer of this question does not appear to be found in precedent, at least in Kentucky. Decisions cited in the respective briefs indicate conflicting viewpoints in other jurisdictions. According to Nichols on Eminent Domain, Vol. VI, § 24.621(1), "an inability to agree with the fee owner will ordinarily excuse the necessity for negotiations with a cotenant, a contract vendee, the holder of a vendor's lien, a mortgagee, a tenant, a lessee, or the holder of an inchoate dower interest," which appeals to us as reasonable and sound. It is the settled rule in condemnation cases involving different estates and interests in a single tract or parcel that the property shall be evaluated as a unit (as was done by the commissioners appointed by the county court in this case), City of Ashland v. Price, Ky.1958, 318 S.W.2d 861; and if the condemnor fails in the attempt to acquire a substantial interest by contract we see no valid reason why it should not be permitted to acquire the entire unit by condemnation. That the condemnor should not be required to condemn piecemeal interests would seem to follow from the same policy that says it may not be forced to pay on the basis of piecemeal evaluations. This conclusion applies equally whether the mineral interest in question is truly a "leasehold" or is a larger corporeal title to the limestone in place.

The last phase of our analysis is the most difficult. Where the petition on its face shows the right of eminent domain, what is the effect of a mere denial "that the petitioner has the right to condemn" the prop-

erty in question? The petition did not allege a "right to condemn." It stated a series of factual allegations from which the right to condemn is a legal conclusion. It was silent as to this conclusion except insofar as it was implicit in the demand for relief. The legal conclusion presupposed by a demand for relief is tested not by a traverse or denial, but by a defense specifying that the petition does not state grounds for relief. Strictly speaking, therefore, to plead simply that a condemnor does not have the right to condemn amounts to no more than a repetition of the first defense, which is that the petition does not state a cause of action, and adds nothing in the form of a factual issue requiring proof.

KRS 177.085 provides that the answer or other pleadings filed by the landowner in the county court "shall be confined solely to the question of the right of the petitioner to condemn the property sought to be condemned, but without prejudice to the owner's right to appeal from the amount of the compensation awarded * * *." (Emphasis added.) KRS 177.086(4) provides that if the owner has filed an answer or pleading "putting in issue the right of the petitioner to condemn the lands * * * sought to be condemned, the court shall, without intervention of jury, proceed to hear and determine whether or not the petitioner has such right." (Emphasis again added.) The significance of the language quoted with emphasis is that the statutes refer simply to the substantive issue, and not to the procedural requirements of pleading it. The latter are governed by the Civil Rules except where the statutes "specifically or by necessary implication provide otherwise." KRS 177.081(4).

We do not construe the above-quoted statutes, in preserving the owner's right to raise the question and put in issue the condemnor's right to condemn his property, as being in conflict with CR 8.02. To say that a defendant may assert a particular defense, or shall confine his pleading to a certain issue, does not cover the procedural matter of how he may or shall do it.

CR 8.02 states that in making defense a party "shall admit or deny the averments upon which the adverse party relies. * * Denials shall fairly meet the substance of the averments denied." (Emphasis added.)

"Denials should be specific so that the actual controversy between the parties will emerge." Clay, Civil Rules, CR 8.02, Author's Comment, p. 98.

Consider this question from the standpoint of plain common sense. If without admitting or denying the allegations of the petition, and without subjecting counsel to the obligations of CR 11, the defendant owner may fire a shotgun defense in the form of a denial of the right to condemn, how is the condemnor to know what is the real point of issue, what it is called on to prove? Must it, for example, prove the appointment and qualification of its Commissioner of Highways, and his execution of the official order? Presumably so, and likewise ad absurdum with respect to all of the other facts and circumstances supporting the right to bring the proceeding. Yet in the case before us it seems clear that the only genuine issue was whether the state had sufficiently undertaken to acquire the property by negotiation.

■ The spirit and philosophy of the Civil Rules, and the whole trend of modern pleading, is to eliminate sham and reduce the controversy to actual issues. There is nothing peculiar to condemnation proceedings that should except them from this good and wholesome purpose. If the condemnee really questions the right to condemn, CR 8.02 provides an ample framework for his defense with a minimum of delay and confusion, and without preventing his generally denying all the averments of the petition if he can do so in good conscience. We conclude that a general denial that the petitioner has the right to condemn the property does not "fairly meet the sub-

stance" of any of the factual averments in the petition and hence raises no issue requiring proof by the condemnor. Collins v. Commonwealth, Ky.1959, 324 S.W.2d 406, cited by appellees, does not reach the procedural question.

The view of the case we have taken obviates further consideration as to the burden of proof.

The judgment is reversed and remanded for further proceedings in the circuit court pursuant to KRS 177.087(2).