**Fred B. WELLER et al., Appellants,**

**v.**

**Joe McCAULEY, Mayor, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1964.

Robert J. Watson, Middlesboro, for appellants.

Grant F. Knuckles, Pineville, H. F. White, Middlesboro, Cecil Wilson, Glasgow, for appellees.

MOREMEN, Judge.

This is a taxpayers' action against the governing body of Middlesboro, the electric plant board of that city and others to prevent further proceedings for purchase or condemnation of electrical facilities of Kentucky Utilities pursuant to KRS 96.550 et sequitur (commonly termed "TVA Act"). The circuit judge, upon motion, dismissed the complaint on the ground that it failed to state a claim upon which relief could be granted. Appellants tendered an amended complaint and moved that it be filed. The circuit court again found no basis of relief and overruled the motion. Appellants have appealed.

It was alleged in the complaint that the appellees had not negotiated in good faith for the purchase of the property. Subsection (1) of KRS 96.580 reads in part:

"Provided, however, that before a board or municipality shall have authority to condemn an existing electric plant under the provisions of this Act (KRS 96.550 to 96.900) or to enter upon the construction of any duplicating facilities under the provisions of this Act, the board shall notify the owner of the existing electric plant, hereinafter referred to as the owner, in writing of its desire to purchase the plant or that portion thereof located or situated within said municipality and of its desire to enter into an agreement as to the value thereof. If no fair and reasonable price and terms of purchase and sale shall be agreed upon between the board and the owner within sixty (60) days after the aforesaid notice has been given the owner, and if either party desires that further efforts to determine a fair price and terms of purchase and sale be made, a board of appraisers consisting of two members

shall be appointed, one by the board and the other by the owner. Such appointments shall be made within thirty (30) days after the expiration of the time given the board and the owner to agree upon the value of the existing electric plant, or that part thereof which the board desires to purchase."

It is alleged that on December 20, 1961, a letter was sent to the Kentucky Utilities Company by the electric plant board's individual members in which was stated their desire to purchase all of Kentucky Utilities property located within the corporate limits of the city of Middlesboro, and their further desire to enter into an agreement as to the value of the property. It is averred that prior to or subsequent to the passage of the ordinance creating an electric plant board no study had been made by the members of the common council or the board to determine the value of the property or even to identify the property which they desired to purchase, and that at no time after sending the above mentioned letter to the Kentucky Utilities Company did any agent of the electric plant board or any individual member thereof make an offer to purchase or attempt to negotiate for the purchase of this property. It is stated that no step was taken between the date of the letter of intent (December 20, 1961) and February 20, 1962, when Mr. Jack P. Jenkins, chairman of the electric plant board, mailed a letter to the Kentucky Utilities Company which stated that the board had appointed Mr. C. M. Stanley to the board of appraisers.

We are of opinion that dismissal of appellants' complaint was erroneous. Under CR 12.02 a court should not dismiss for failure to state a claim unless the pleading party appears not to be entitled to relief under any state of facts which could be proved in support of his claim. See Clay, Kentucky Practice, CR 12.02, Comment 8. Under the facts stated the appellant clearly put in issue the question of good faith negotiation under the statute.

If the evidence adduced shows that appellees were content to send only a notice of their intent to purchase and do nothing during the sixty day negotiation period and then to send a letter appointing an appraiser, we believe negotiation, as contemplated by KRS 96.590, was not had. This statute sets up even more elaborately the terms for negotiation than does the statute in most condemnation proceedings. In analogous condemnation proceedings the inability to contract or agree is a condition precedent to the use of the power of eminent domain. Commonwealth Dept. of Highways v. Cardinal Hill Nursery, Ky., 343 S.W.2d 842. In fact, the TVA Act specifically outlines the methods of preliminary negotiations. A city must notify the owner in writing of its intent to buy and if a fair and reasonable price in terms of purchase cannot be agreed upon, appraisers may be appointed. We believe proof should have been heard on this issue.

■ The complaint also attacks the ordinance enacted February 12, 1962, which reads in part as follows: "That a line of credit for the city of Middlesboro be established at the National Bank of Middlesboro to the utility board, and that the city of Middlesboro underwrite a loan not to exceed the amount of $12,500." KRS 96.730, which deals with the matter of preliminary expenses in connection with the acquisition of an electric plant, provides that all expenses incurred by the board or the governing body of the municipality "may be paid out of the general fund of said municipality not otherwise appropriated, or from any other available fund." Appellants concede that the payment from any existing fund would be proper, KRS 96.730, but contest the use of the city's credit as a method of lending money to the electric board. We agree. The language of the Act appears to contemplate existing funds and the city should be held to the terms of the Act.

We have heretofore stated that the circuit court dismissed the complaint on the ground that it did not state a claim upon which relief could be granted. Appellees, in their motion to dismiss, raised two other points which were not passed upon by the court. No cross-appeal has been taken, but these same points again have been raised in appellees' brief. In view of the fact that this case will be remanded, we will discuss them briefly.

■ It is contended, first, that appellants who are citizens and taxpayers of the city of Middlesboro have no right to prosecute this action. We have held that they have. Norrell v. Judd, Ky., 374 S.W.2d 192; and Kentucky Utilities Co. v. Ginsberg, 255 Ky. 148, 72 S.W.2d 738.

■ Appellees next contend that the complaint is barred by a limitation set out in KRS 96.670, which reads:

"Any action challenging the validity of any ordinance electing to operate under this Act (KRS 96.550 to 96.900) or any election resolution, bond resolution, or election adopted or held hereunder, shall be brought within sixty (60) days from the date on which such ordinance or election resolution or bond resolution was adopted or election held, as the case may be, and, if not brought within such time, shall be forever barred."

The ordinances by which the city created the electric plant board for the purpose of acquiring the electric utilities system were passed on December 5, 1961, and on December 19, 1961. The complaint in this case was filed on March 19, 1962. However, the issue of negotiation does not involve the ordinances. It concerns the question of whether there was adequate negotiation under the terms of the TVA Act. Therefore KRS 96.670 has no application. The resolution purporting to pledge the credit of the city was adopted on February 12, 1962, and this complaint was filed on March 19, 1962, and was therefore within time. Consequently the limitation provision of KRS 96.670 does not bar this action on a motion to dismiss since

the alleged facts must be taken' as true. The question of the constitutionality of the statute has not been raised.

All questions not passed upon by this opinion are reserved. The judgment is reversed and the case remanded for pro-ceedings not inconsistent with this opinion.

Judgment reversed.